Opinion by
Will-son, J.
§ 64. Negligence; contributory negligence; measure of damage; burden of proof; charge of court upon these subjects held correct. The court in this case charged the jury as follows: “Gentlemen of the jury, if you believe from all the evidence before you in this case that the plaintiff was the owner of the bales of cotton mentioned and described in his petition, and that the same or any part of the same were destroyed by fire kindled from sparks emitted from defendant’s engine or engines, and that said fire was negligently permitted to escape from defendant’s engine or engines by the failure of its agents or employees to have its engine or engines provided with proper apparatus and fixtures to arrest the escape of fire; *53 or that said fire was caused to escape from defendant’s engine or engines by the failure of defendant’s agents and employees to exercise reasonable care and caution in running and managing its engines while passing near said cotton, then plaintiff would be entitled to recover the reasonable market value of said cotton at the time it was destroyed by*fire, less the amount of insurance, provided the plaintiff did not contribute to the origin of said fire by his own negligence. If the plaintiff was guilty of contributory negligence in causing said fire to originate by placing his cotton near defendant’s road, where it might reasonably be anticipated that it was likely to be set on fire by defendant’s engines, when operated in a proper manner, or, if plaintiff was guilty of contributory negligence in leaving his cotton in an uncovered condition near defendant’s road, then you should find for the defendant, although said fire might have been caused by the negligence of its agents and employees. The burden of proof rests upon the plaintiff to make out his case, and when he has made out a prima facie cáse, he is entitled to recover, unless the defendant has, by opposing proof, made a stronger case. In a civil case, the jury should find for the party in whose favor the evidence preponderates. The jury are the sole and exclusive judges of the weight of the evidence and of the credibility of the witnesses, both for the plaintiff and defendant.” Held, that this charge was substantially correct, and was warranted by and applicable to the evidence in the case. It submitted to the jury to determine: 1st. Was the plaintiff’s cotton destroyed by fire communicated from defendant’s engine? 2d. If it was, did the fire result from the negligence of the defendant, its agents, employees or servants ? 3d. Did the plaintiff, by negligence on his part, contribute to the injury ? These were questions of fact to be found by the jury, and not questions of law to be determined, by the court.
§ 65. Contributory negligence. The cotton destroyed by fire had been placed by the plaintiff upon a platform, *54 distant about seventy-five feet from the main track of defendant’s road, and distant about three feet from a side track of said road. It had been upon the platform, with cotton belonging to other parties, for a considerable length of time before the fire, and was uncovered. It is contended by appellant that the evidence did not warrant a charge upon contributory negligence. Held, that the charge of the court was justified by the evidence. In the case of The Tex. & Pac. R’y Co. v. Levi & Bro. 59 Tex. 614, the court states a similar case to this one, and lays down the rule of law as follows: “The cotton yard in which the cotton was alleged to have been burned was in close proximity to appellant’s railway, and the evidence tends to show that, by the use of the most approved spark-arresters, it is impracticable to prevent entirely the escape of sparks from locomotives, unless the draft is so closed by the spark-arrester as to prevent the generation of steam. If such be the case, a railway company is authorized to operate its engines with such protection against injury to others by fire, as can be given > by the use of a high degree of care in the selection and use of such appliances as are approved by prudent and skilful persons generally, engaged in such business, and as are found to be best adapted to prevent the escape of fire by which others may be injured, even though, as thus operated, there- may be danger of injury to others from fire escaping from locomotives. The business being authorized by law, no liability can be incurred from its exercise, unless there be a want of care in its prosecution, even though it be attended with some risk of injury to others. Such being the case, a very high degree of care is requisite from those whose property is so situated with reference to a railway, that it is liable to injury, even when due care is exercised by the railway company. It is true that a person owning or renting property near a railway is entitled to use such property, but the greater the degree of exposure to injury from such proximity, the greater degree of care should be exercised by such *55 person to prevent injury from such causes for which a railway company will not be responsible, because impracticable to prevent them. ” The doctrine above announced is strongly combatted in an able article prepared by John D. Lawson and published in Vol. 4, No. 5, of the Southern Law Review, and numerous cases are cited by Mr. Lawson in support of his views. But the decision quoted from settles the question in this state. The law and the evidence warranted the verdict in favor of the defendant.
December 8, 1883.
Affirmed.