JAMES LYNN, ADMINISTRATOR, &c., v. LE GIERSE & CO.

1. JUDGMENT CREDITOR.—A judgment creditor may either institute suit to have a conveyance of land by the debtor declared fraudulent and the land subjected to his execution, or he may cause an execution to be levied on the land fraudulently conveyed by the debtor, and after purchasing at execution sale, he may then bring his suit to have the fraudulent conveyance set aside, and recover the land.
2. VERDICT—JUDGMENT.—When the judgment creditor becomes the purchaser at execution sale, and brings suit against the judgment debtor and his vendee, to set aside the conveyance for fraud, if, under the pleadings and charge of the court, a general verdict, in favor of plaintiff, establishes, amongst other things, a fraudulent intent on the part of the debtor in making the conveyance, and that the vendee was affected with notice of that intent, such general verdict would be sufficient to authorize the cancellation of the conveyance made by the debtor, so far as the same might affect the plaintiff's rights.

APPEAL from Anderson. Tried below before the Hon. R. S. Walker.

In the early part of the year 1874, James Lynn purchased from the I. and G. N. R. R. Co. lot No. 4, in block 164, on Spring street, in the city of Palestine, in Anderson county. At this time he was engaged in keeping a saloon and a restaurant, and was indebted to appellant and others. Soon after purchasing this lot, and before improvements had been made thereon, he sold the lot to Peter Lynn, his brother, executing to him a deed of conveyance, which was duly recorded in the clerk's office of Anderson county, Texas. After the purchase, a storehouse was erected upon the lot. In 1876, the appellees sued upon their claim in the District Court of Anderson county, and recovered judgment against James Lynn, under which judgment execution was issued and levied upon the house and lot. The same was sold, and the appellees became the purchasers for $250, and afterwards brought suit in the District Court, against James Lynn, Peter Lynn, and George Hutchenson, to recover the property, and to set aside the conveyance made to Peter Lynn, for fraud. After the institution of suit, Peter Lynn died, and his estate was administered upon by James Lynn, his brother. At the May Term of the District Court for Anderson county, the case was tried before a jury, who found for the plaintiff, (appellee,) upon which verdict the court rendered judgment, annulling the deed from James Lynn to Peter Lynn, from which judgment the appellant for the estate of Peter Lynn appealed.

The evidence to establish the fraud was conflicting.

*Gammage & Cartwright*, for appellant, cited Danzey *v.* Smith, 4 Tex., 411; Cobb *v.* Norwood, 11 Tex., 561; Robinson *v.* Martel, 11 Tex., 155; Wilson *v.* Trawick, 10 Tex., 435. They also argued upon the facts that the evidence did not sustain the charge of fraud.

*Greenwood & Gooch*, for appellees, cited Weisiger *v.* Chisholm, 22 Tex., 672; Dangerfield *v.* Paschal, 20 Tex., 541; Allen *v.* Stephanes, 18 Tex., 669.

GOULD, ASSOCIATE JUSTICE.—A judgment creditor may cause his execution to be levied on land fraudulently conveyed by the debtor, and if he himself becomes the purchaser at the execution sale, he may then bring his suit to have the fraudulent conveyance set aside, and recover the land.

True, he may, if he sees fit, first institute his suit to have the conveyance declared fraudulent, and the land subjected to his execution; but his right to proceed to levy and sell, in the first instance, is firmly established. (Castro *v.* Illies, 22 Tex., 480; Wood *v.* Chambers, 20 Tex., 248; Hancock *v.* Horan, 15 Tex., 507; Freeman on Executions, sec. 136 and references.) There was some conflict in the evidence as to the alleged fraudulent intent of the parties to the conveyance; but there is nothing in the record that would lead us to the opinion, that the court below erred in refusing to disturb the verdict of the jury.

The only other question·discussed in appellant's brief, is the sufficiency of the verdict to support the judgment. Under the pleadings and the charge of the court, the general verdict in favor of plaintiff established, amongst other things, the alleged fraudulent intent of the debtor in making the conveyance, and that his brother, to whom the conveyance was made, was affected with notice of that intent. That general verdict was sufficient to authorize the cancellation of the conveyance, so far as it affected plaintiff's rights, and the recovery of the land so conveyed. If the result of the attempted fraud has been the sale of the land at much less than its value, the parties have brought the loss upon themselves.

In regard to other questions not discussed in the brief of counsel for appellant, it is enough to say, that we have found no error in the record, and the judgment is affirmed.

AFFIRMED.