### J. L. MAYO ET AL. v. FRANK SAVONI.

(No. 2383, R. Book No. 4, p. 171.)

APPEAL from Brazos County.   Opinion by WILLSON, J.

§ 216. *Special damages.* Special damages are such as are the natural but not the necessary result of the act complained of. To be recoverable, special damages must be specially pleaded. Under a general allegation of damage, a party will not be permitted to prove a special damage. [R. R. Co. v. Shirley, 45 Tex. 357.]

§ 217. *Evidence of special damage.* On the trial appellee was permitted to prove, over objection, that by reason of the levy of the attachment upon and sale of the goods he was broken up in business, thrown out of employment, and that the value of his services for said time as a clerk was $45 per month. *Held*, that such damages are not too remote, but if properly pleaded and proved are allowable. The wrong-doer is responsible for all the

consequences which flow immediately from his wrongful acts. [Fowler & Clepper v. Stonum, 6 Tex. 60.]

§ 218. *Fraud, evidence in cases of declarations of parties.* The main issue in the case being fraud *vel non* in the sale of the goods from S. to S. before the levy of the attachment, *held,* that the court erred in refusing to permit appellants to prove on cross-examination certain declarations made by one of the parties to the sale, in relation to his brother's connection with the goods, tending to prove that the latter's claim to said goods was fraudulent, even though these declarations were made subsequent to the pretended sale. The burden of proving the fraud rested upon appellants, and they were relying upon circumstantial evidence to establish it. In such cases great latitude is allowed in the admission of evidence, and any fact which affords any fair presumption or inference as to the real object and intention of the parties may be submitted to the jury. [Wright v. Linn, 16 Tex. 34.] A case directly in point is Garahy v. Bayley & Co. 25 Tex. Sup. 294.

November 8, 1882.          Reversed and remanded.