A. DAY v. ISAAC STONE ET AL.

(Case No. 4202.)

1. PRACTICE.— In order to authorize the reversal of a judgment for error committed in the court below, the error must be one prejudicial to the party complaining. Rulings upon the pleadings, when of a character that could not have affected the result, will be regarded as immaterial.

2. EVIDENCE.— On the trial of an issue of fraud, charged to have been committed by the defendant in procuring the title to land purchased by him to be conveyed to his brother, and afterwards conveyed by the brother to defendant in trust with power to sell, evidence that a similar disposition of the title to other lands bought

by defendant was made a month previous, in connection with other testimony tending to show defendant's effort to place his property beyond the reach of his creditors, was admissible; following Heath *v*. Page, 63 Penn. St., 108, and other cases cited in opinion.

APPEAL from Johnson.  Tried below before the Hon. Jo Abbott.

This suit was brought by Day to recover a small lot of ground in Cleburne, Texas.  The plaintiff charged that Isaac Stone, being insolvent, with a view to defraud his creditors, after purchasing the ground, caused the title to be conveyed to his brother, Simon Stone, who lived with him; and with like purpose to defraud, that he induced his brother to convey the ground to him for a nominal consideration, in trust for appellee's children, with absolute power in Isaac Stone to rent, manage, sell or otherwise dispose of it.  The plaintiff claimed under a purchase at execution sale under a judgment against Isaac Stone.  The pleadings were quite lengthy, and embraced several issues not noticed in the opinion.  The errors referred to in the opinion are explained by it.

*L. B. Davis* and *D. T. Bledsoe,* for appellant.

Briefs on file by appellee are not signed by counsel.

WATTS, J. COM. APP.— Appellant assigns as error the overruling of his exceptions to the answer of appellees.  It does not become necessary in this case to determine whether or not these exceptions were well taken, for the issues sought to be presented by the portions of the answer to which the exceptions were directed were not submitted by the court as issues in the case.  Therefore, if the court erred in the ruling under consideration, it must be considered as an immaterial error; and especially when considered in connection with the charge of the court as to the validity of the judgments, executions and sheriff's sales under which appellant claims the land, it is clear that no injury could have resulted to appellant from the rulings of the court assigned as error.

The rule is well stated in Johnson *v.* Blount, 48 Tex., 38, to the effect that an error, to be material, so as to require a reversal of the judgment, must be one that is prejudicial to the party complaining. Rulings of the court with respect to the pleadings, which did not affect the ultimate rights of the party, is not ground for the reversal of the judgment.  Hardy *v.* De Leon, 5 Tex., 211.

It is claimed that the court erred in excluding the evidence of Owen Brown to the effect that in November, 1877, Isaac Stone purchased at sheriff's sale other lands, paid the purchase money, and

caused the deed to be made to Simon Stone, who immediately thereafter conveyed the same to Isaac Stone in trust for his children, the deed being in all respects similar to that under consideration. That transaction was about one month prior to the conveyance by Lorance to Simon Stone of the land in controversy. This was offered, in connection with other evidence, to show that Isaac Stone was endeavoring to place his property beyond the reach of his creditors.

In cases involving fraud, a wide range is necessarily given in proving circumstances which tend to establish or repel the fraud. Often it is only by collecting and grouping together numerous circumstances tending to show the fraud that it can be established. Parties usually, when engaged in committing a fraud, do their work in secret; hence, in a great majority of cases, no positive evidence of the fraud is attainable, but those who are affected by it must rely upon circumstances to establish the fraud and avoid its results.

It seems to be the settled doctrine, sustained by numerous adjudicated cases, that where the issue involves the fraudulent sale or conveyance of property, that evidence of other like conveyances by the same parties, at or about the same time, are admissible. The ground for the admission of such evidence is, that where transactions of a similar character, executed by the same parties, are closely connected in time, the reasonable inference is that they proceed from the same motive. Heath v. Page, 63 Pa. St., 108; Hovey v. Grant, 52 N. H., 580; Battle & Webster v. Landenslager, 84 Pa. St., 452; Hall v. Naylor, 18 N. Y., 588; Simons v. Vulcan Oil, etc., Co., 61 Pa. St., 218.

In Green v. Banks, 24 Tex., 508, it was in effect said that the validity of the deed depended upon the intention with which it was made, and the creditor who attacks it for fraud may prove the amount of the debtor's property, where it was, its character, accessibility to creditors, and contemporaneous disposition of it. While the supreme court of Pennsylvania in Heath v. Page, *supra*, said: " In cases of fraud much latitude in the evidence is allowed. The only true test is, whether the evidence can throw light on the transaction, or whether it is totally irrelevant."

If the evidence offered would tend to throw light upon the question at issue, then, however slight, it should have been admitted. The attack upon the deed was upon the ground that in fact the money paid to Lorance belonged to Isaac and not to Simon Stone, and the title was placed in Simon and by him conveyed to Isaac in trust for the latter's children, and that this was done with the in-

tent and for the purpose of placing Isaac's property beyond the reach of his creditors. The evidence offered and excluded is to the effect that, a short time previous to this transaction, Isaac did purchase and pay for certain land and have the same conveyed to Simon Stone, who soon thereafter conveyed the same to Isaac in trust for his children, by a deed similar in all respects to the one now under consideration.

Considering that evidence in connection with the facts and circumstances developed on the trial, and especially in connection with the unusual and unrestricted powers conferred by the deed upon Isaac Stone, and it would seem that the excluded evidence would tend to throw light upon the transaction then undergoing investigation. At least that it was not so entirely irrelevant as authorized its exclusion.

We conclude that for the error in excluding the proposed evidence of Owen Brown, the judgment ought to be reversed and the cause remanded.

In view of another trial, it may be remarked that the section of the charge objected to might well have been omitted; the other portions of the charge clearly present the law applicable to the case.

There was no error in refusing to submit the issue as to the improvements upon the land. If in fact the land belongs to the children, and the improvements were placed upon the same in whole or in part with or by the means of Isaac Stone, such improvements would not be subject to seizure and sale, but might be reached in a proceeding for that purpose by the creditors of Isaac Stone, as an equitable charge upon the land. Rice v. Rice, 21 Tex., 66; Hendricks v. Snediker, 30 Tex., 307, 308.

REVERSED AND REMANDED.

[Opinion approved June 12, 1883.]