### BELL et ux. v. BIFFLE.
### No. 4807.

Court of Civil Appeals of Texas.
El Paso.

June 13, 1951.

Rehearing Granted July 25, 1951.

Rehearing Denied Aug. 13, 1951.

Kelley, Looney, McLean & Littleton, Edinburg, for appellants.

Royce A. Oxford, Edinburg, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Hidalgo County in favor of the defendants in a cause wherein L. R. Bell and wife were plaintiffs and William H. McDonald as Independent Executor of the Estate of Mrs. Berta Biffle, Deceased and Mrs. Elizabeth Biffle Bradley and Mrs. Betty Jean Biffle Yawn were defendants. The husbands of Mrs. Bradley and Mrs. Yawn were likewise defendants. The judgment was that plaintiff take nothing as against defendants. The trial was to the court without a jury and on demand of plaintiff the court filed Findings of Fact and Conclusions of Law.

In the cause as originally instituted L. R. Bell was plaintiff and Mrs. Berta Biffle, Independent Executrix of the Estate of J. J. Biffle, Deceased, as such executor and individually was the defendant. In substance Bell, as plaintiff, averred that he was a duly licensed real estate broker, that some time in 1946 Walter H. Bonn listed with him for sale a certain tract of 1000 acres of land situated in Hidalgo County, Texas, that Bonn agreed that if plaintiff secured a purchaser satisfactory to him that he would pay 5% commission on the purchase price; that in pursuance of said agreement he did secure for said land a purchaser in the person of J. J. Biffle. In substance the contract between said Biffle and Bonn recited that Bell was the authorized agent of Bonn and that he should receive from Bonn a commission of 5%. The total consideration for the tract was the amount of $90,000.00; that in August 1946 plaintiff secured for Biffle an extension of time for the consummation of the purchase of said land and premises; there was an adjustment and revision in the terms and agreements stipulated in the original contract, and in August 1946 there was executed between Bonn and Biffle a supplemental agreement to the aforesaid contract of sale by the terms of which total consideration for the land was increased from $90,000.00 to $95,000.00, the time for the consummation of the sale and purchase was extended to on or before January 2, 1947, Biffle was to pay over the sum of $10,000.00 theretofore deposited in escrow, in addition to paying an additional $5,000.00, making a total cash payment of $15,000.00, and Biffle was to furnish to Bonn an assignment of the amount then owing by Bonn to Bell for his commission for the sale of said land, and the said assignment was included along with the said cash payment of $15,000.00 of the total payment provided for in said supplemental agreement, said total payment being in the amount of $19,750.00. That Biffle executed an assignment to Bonn of the commission owing by Bonn to Bell; that the said commission

owing by Bonn to Bell was credited on the purchase price paid by Biffle to Bonn; that the trade was closed between Biffle and Bonn substantially on the terms indicated in the supplemental contract. Bell, on behalf of Biffle furnished the $4750.00 due him from Biffle in the consummation of the trade. That at all times Biffle recognized his obligation to pay to Bell the amount of said commission; that Biffle died in 1947; that Mrs. Berta Biffle, the defendant, was named independent executrix of his estate and was the sole heir to such estate. The will had been admitted to probate in Travis County and Mrs. Biffle had qualified as such executrix. In due time the defendant Berta Biffle filed an answer to the petition of Bell which consisted of a general denial and plea of the Statute of Frauds as between plaintiff and Bonn, further that as to any agreement between plaintiff and Biffle whereby they sought to have Biffle pay the real estate commission was within the Statute of Frauds. Further the pleading avers: "This defendant denies that the said Biffle ever assumed the payment of any commission to L. R. Bell, and that by the acts and conduct of plaintiff the plaintiff is estopped to claim that J. J. Biffle or Berta Biffle is indebted to him in any manner growing out of said transaction." Before the trial was completed Berta Biffle died. By mutual agreement among the parties it was ordered by the court that William H. McDonald as Independent Executor of the Estate of Berta Biffle, Deceased, Elizabeth Biffle Bradley and her husband and Betty Jean Biffle Yawn and her husband be substituted as parties defendant in said cause. Thereafter, on September 1, 1950, the substituted defendants filed answer in said cause. Said answer consists of adoption by each of the pleadings theretofore filed by Mrs. Berta Biffle as Independent Executrix. The cause went to trial on these pleadings.

The trial of this cause started on the 14th day of July, 1949; judgment was entered on the 12th day of October, 1950. It is assumed that the term was extended. After the substitution of the parties defendant it was agreed that the evidence theretofore heard should be considered as introduced.

On motion of the appellant Bell, the court filed Findings of Fact and Conclusions of Law which we here copy:

"Pursuant to request of Plaintiff therefor, Findings of Fact and Conclusions of Law are made and filed herein as follows:

"I.

"In 1946 Walter H. Bonn of the State of Iowa owned a tract of land in Hidalgo County, Texas, contained about one thousand acres. Bonn listed the tract of land for sale with L. R. Bell, a duly licensed real estate of Hidalgo County, Texas, He agreed to pay Bell the usual five per cent commission upon his selling such land.

"II.

"Bell procured as a purchaser of said ———J. J. Biffle of Travis County, Texas.

"III.

"The contract of sale of this land by Bonn and Biffle was evidenced by a written agreement dated May 30, 1946. The contract was signed by Bonn and Biffle, Bell signing for Bonn as his agent and Biffle affixing the wor– 'TRustee' after his name.

"IV.

"The contract provided that Biffle was to pay a total consideration of ($90,000.-00) for the property. The contract recited further that $10,000.00 if said $90,-000.00 had been placed in escrow with the law firm of Kelley & Looney, of Edinburg, Texas, to guarantee performancy by Biffle.

"V.

"A time limit for performance of the contract was fixed at 60 days, with an additional provision as to curing title defects.

"VI.

"The contract expressly provides that Bonn will pay Bell a five per cent commission.

"VII.

"Subsequently, Biffle being unable to raise the cash to close the deal, a second written agreement was entered into between Bonn and Biffle wherein it was recited:

"(a) That the total consideration for such land would be ($95,000.00) instead of ($90,000.00) as originally agreed upon.

"(b) That the $10,000.00 originally placed in escrow by Biffle should be paid forthwith to Bonn.

"(c) It was agreed that Biffle had at such time also paid an additional ($5,000.00).

"(d) It was further agreed that 'Second Party' (Biffle), has furnished to First Party (Bonn) an assignment of the commissions due Bell on this transaction.'

"(e) The date for closing the deal was 'moved up' from July 30, 1946 to January 2, 1947.

## VIII.

"Bell made a written assignment of his commissions to Bonn.

## "IX.

"Thereafter, about March 4, 1947, the deal between Bonn and Biffle was actually closed in Judge J. C. Looney's office in Edinburg. Deeds to the property were delivered and the balance owing to Bonn paid. The amount of Bell's commission, evidence— by his assignment to Bonn formed a part of this consideration.

## "X.

"Bonn and Biffle signed a joint letter of instructions to Judge Looney on the date of closing the deal (March 4, 1947) instructing him to as his duties in closing the deal. This letter contained this provision: 'Biffle is to take care of Bell'."

## "XI.

"I find from parol evidence offered to clarify the statement 'Biffle is to take care of Bell' that there was an agreement Bell and Biffle, at the time the deal was closed, that when the deal between Bell and Biffle was finally wound up, Bell was to either get back his commission (of $4500.00), or was to get a percentage of the profits which would be equal to or greater than his commission."

## "XII.

"When Biffle sold the land he actually received in cash several thousand dollars less than he paid for it.

"However, Biffle did reserve to himself a one-thirty-second of the minerals on 300 acres of the land sold.

## "XIII.

"Biffle conveyed to Bell one-half of the minerals reserved to Biffle, and Bell has accepted the same.

## "XIV.

"No party has offered any testimony as to the value of such mineral estates.

## "XV.

"Plaintiff has not offered to surrender, or to account for the value of the mineral estate received by him.

## "Conclusions of Law.

"I conclude as a matter of law that Bell having the right to receive the sum of $4750.00, or one-half the profits of the transaction which would be equal to or greater than such sum, his taking from Biffle one-half of the mineral estate, and his retaining the same without offering to account therefor, is tantamount to his election to accept such conveyance in lieu of the sum of ($4750.00)."

The Findings of Fact are all deemed to find support in the evidence. The points of error urged by Bell are as follows:

Point One. The trial court erred in considering or basing its judgment for defendant upon a conveyance of a one sixty-fourth royalty interest from the defendant to the plaintiff, there being no notice of such a defense in defendant's pleadings and the evidence pertaining to the royalty interest being inadmissible; Two: The Court erred in holding as a matter of law that plaintiff's retaining a one-sixty-fourth royalty interest without offering to account therefor is tantamount to his accepting the same in lieu of the commission sued for, there being no basis for the conclusion and the holding erroneously imposing upon the plaintiff the burden as to a purely defensive matter of avoidance which, under the Rules of Civil Procedure the defendant was required to plead and prove; Three: the court erred in rendering judgment for the defendant that the plaintiff

take nothing by his suit because such judgment is not supported by the pleadings and is unsupported by and contrary to the essential and material findings of fact by the trial court.

Beyond all dispute, under the court's second finding, designated IX, Bonn owed to appellant Bell the sum of $4500.00. Beyond all dispute, at the request of Biffle Bonn agreed that the said claim against him of Bell should be credited on the purchase price of the land by Biffle. Beyond any dispute at the request of Biffle it was so used for the benefit of Biffle. The trial court found in substance, in finding of fact No. IX that the contract between Bell and Biffle at the time the deal was closed was that Bell was to either get back his commission of $4500.00 or to get a percentage of the profits which would be equal to or greater than his commission. The finding as we construe it was that Biffle was to pay Bell at least $4500.00. It was likewise found on ample evidence that Biffle made no profit on the land, that in 300 acres of the land he reserved to himself a one-thirty-second mineral or royalty interest; that he conveyed to Bell one-half of this retained interest; there was no testimony as to the value of the mineral interest; that Bell had never offered to surrender same. The court concluded as a matter of law from these facts that the plaintiff had elected to take this royalty interest in place of the money owing him by Biffle—in short, it was concluded that as a matter of law there was an accord and satisfaction.

We shall first consider the issue without reference to the sufficiency of the defendants' pleading to raise the issue of an accord and satisfaction. In order to sustain the defense it was necessary for the defendants to establish by a preponderance of the evidence that there was a contract between appellant Bell and Biffle that in discharge and satisfaction of Bell's established claim he would accept the royalty interest conveyed to him by Biffle. 1 Tex.Jur. p. 251, par. 7; Williston, Contracts, Vol. 1, Sec. 94; Overton v. Connor, 50 Tex. 113; Bates v. Lefforge, Tex.Com.App., 63 S.W.

2d 360; Ortiz Oil Co. v. Geyer, 138 Tex. 373, 159 S.W.2d 494, (Opinion adopted).

In our opinion no contract of accord is included in the Findings of Fact by the trial court. The sole basis for such finding as reflected by the Findings and Conclusions of the trial court is that he deeded this interest to Bell. If the conveyance of this one-sixty-fourth royalty interest in 300 acres was in execution of a contract of accord it must be inferred from the mere conveyance of the interest by Biffle to Bell. In our opinion the evidence is insufficient to sustain the finding of a contract which is essentially a constituting element of the defense of accord and satisfaction. McKenzie v. Lewis, Tex.Civ.App., 105 S.W. 2d 451, (no writ history).

It must likewise be borne in mind that the burden of proof was upon defendants as to an accord and satisfaction. 1 Tex. Jur. p. 294, par. 44; Texas Employers Ins. Ass'n, v. Adcock, Tex.Civ.App., 52 S.W.2d 781, affirmed 125 Tex. 484, 83 S.W. 2d 310; Machicek v. Renger, Tex.Civ. App., 185 S.W.2d 486 (writ refused).

For another and perhaps stronger reason, in our opinion, why the judgment of the trial court in this case can not be upheld, the burden is upon the one asserting an accord and satisfaction to plead and establish same by a preponderance of the evidence. Such was the law before the Supreme Court prescribed the Rules for Civil Procedure. 1 Tex.Jur. p. 291, par. 42. Rule 94, R.C.P., expressly provides that if an accord and satisfaction is relied upon it must be plead. From the appellee's pleading herein there is not the faintest intimation that an accord and satisfaction was relied upon. Before the conveyance from Biffle to Bell relied upon as establishing the accord and satisfaction was introduced in evidence, appellant objected to same on the ground that same had not been plead. We think such objection being made that it cannot be held that the issue was tried by implied consent. This defect, in our opinion, was not waived under Rule 90, R.C.P. In this case accord and satisfaction was not defectively plead —it was not plead at all. Such being the

case the pleading could not well be assailed by special exception. In our opinion Rule 67, R.C.P., does not aid the appellant. Appellant so far as has been pointed out to us by the briefs did not at any time request leave to amend his pleading so as to make same conform to such evidence.

The trial court's judgment must have been founded on the following Findings of Fact:

"XIII. Biffle conveyed to Bell one-half of the minerals reserved to Biffle and Bell has accepted same.

"XV. Plaintiff (Bell) has not offered to surrender or to account for the value of the mineral estate received by him."

In our opinion the Conclusion of Law holding that Bell is not entitled to recover; that his accepting the deed from Biffle to one-half of the mineral estate in question was tantamount to his election to accept such conveyance in lieu of the sum of $4750.00 is unsound. Bell was only to share in the profits if there were profits. The contract as found by the court gave Bell no right of election as to whether he should be repaid the $4750.00 advanced or share the profits. The Findings of Facts are that Biffle lost on the transaction. Accord and satisfaction not having been plead, not being an issue in the case, cannot form the basis of a judgment for the defendants. Aside from the question of failure to plead, there appears in the record not one syllable of evidence that there was a contract on the part of appellant to accept this royalty as a satisfaction of the obligation of Biffle to pay him the sum of $4750.00 or $4500.00 The findings of the trial court on the material issues in this case entitle the plaintiff to a judgment in the sum of $4500.00.

It is therefore ordered that the judgment in favor of appellee be in all things reversed and judgment is here rendered that the appellants recover of appellee in the capacities in which they were sued, the sum of $4500.00. However, the judgment is to be satisfied out of the property owned by J. J. Biffle at the time of his death.

On Motion for Rehearing.

Careful consideration has been given to the motion for rehearing. We have concluded that we were in error in rendering the judgment of the trial court. In our opinion there is no evidence to sustain the finding that the royalty was deeded to Bell by Biffle in satisfaction of the claim by Bell against Biffle for such commission. The deeding of the royalty to Bell by Biffle does not justify the inference that it was deeded in satisfaction of Bell's claim for $4750.00. We still adhere to the opinion that the judgment was based on accord and satisfaction, which was not plead, and which it was necessary to plead under Rules of Civil Procedure 94 and 95. Appellee objected to the introduction of evidence as to the deeding of the royalty on account of lack of pleading. This objection was good, and should have been sustained. We think the issue of accord and satisfaction of plaintiff's cause of action was raised by neither the pleading or the evidence. In this case, however, the trial court took the view that the pleading was sufficient and that the issue was raised by the evidence. In our opinion the issue was neither raised by the pleading nor sustained by the evidence. However, we think that perhaps justice would be best subserved by reversing and remanding this case to the end that defendant have an opportunity to amend her petition and produce evidence, if she can, that appellant agreed to accept the royalty to the extent of 1/64 on the 300 acres in question.

It is therefore ordered that our former judgment reversing and rendering this case to be set aside and judgment is here rendered that the judgment of the trial court be reversed and the cause remanded for a new trial.