**EQUITABLE TRUST CO., Appellant,**

v.

**Jon Drew ROLAND, Miladie Fraser, et al., Appellees.**

No. 16758.

Court of Appeals of Texas, San Antonio.

Oct. 20, 1982.

Rehearing Denied Nov. 17, 1982.

Carl Raymond Crites, San Antonio, for appellant.

Larry Brockman and Ronald R. Flake, Universal City, Gerald T. Drought, Fritz K. Knust, San Antonio, for appellees.

Before KLINGEMAŃ, ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

Equitable Trust Company (Equitable) sued Jon Drew Roland (Roland), his mother, Miladie Fraser (Fraser), Starflight Corporation (Starflight) et al., to set aside transfers by Roland to Fraser, et al., of a property known as Henze Farms and to enforce a $70,000 judgment granted Equitable against Roland. Equitable purchased Roland's interest in Henze Farms at a receiver's sale which partially satisfied the $70,-000 judgment. The remaining portion of the judgment was paid to Equitable in cash. At the conclusion of plaintiff's case in chief, the trial court granted appellees' motion for an instructed verdict holding that the judgment against Roland had been satisfied. We reverse and remand.

In August 1974, Roland purchased The Glades, an apartment complex in San Marcos, Texas, from Timothy D. O'Connor III (O'Connor). Equitable owned substantially all the furniture and fixtures in The Glades. Roland and Equitable entered into an equipment lease for the use of such furniture and fixtures and Roland executed a promissory note in the sum of $102,068.18 to Equitable payable in monthly installments.

During the latter part of 1974, Roland experienced financial difficulties. He lost $178,842.00 in 1974 which he attributed to the operation of The Glades. On February 18, 1975, Equitable sued Roland for the indebtedness in Cause No. 75CI–2132 in the 37th Judicial District, Bexar County, Texas. Equitable was granted a judgment against

Roland in the amount of $70,000. Judgment was rendered February 9, 1976, and became final March 12, 1976. The present lawsuit was filed on March 26, 1979, to enforce the judgment.

In support of Equitable's contention that Roland had entered into certain transactions that would deter or block Equitable's attempt to secure satisfaction of its debt, the following uncontested evidence was introduced:

February 1, 1975—Two Deeds of Trust executed by Roland to Fraser securing a lien in favor of Fraser in the amount of $100,000 encumbering the Starsong Apartments and property situated at 724 E. Carson, 421 Pearce, and 314 W. Magnolia, San Antonio, Bexar County, Texas. One Deed of Trust was recorded of record May 7, 1975, and one recorded of record March 18, 1976.

February 18, 1975—Equitable sued Roland on the equipment lease contract and obtained judgment on February 9, 1976, in Cause No. 75CI–2132 for $70,000.

May 5, 1975—Roland, his mother Fraser, James Fenimore and Catherine Fenimore (2 employees of Roland) formed a corporation called Starflight Corporation. Fraser was the only one issued stock in Starflight. Practically all assets of Roland were transferred to Starflight. The two Deeds of Trust from Roland to Fraser executed February 1, 1975 were transferred to Starflight on June 1, 1976, and through foreclosure proceedings title to these properties passed to Starflight.

May 28, 1975—Equitable obtained a Subordination Agreement from Fraser and AGREEMENT GRANTING LIENS, NOTICE OF LIS PENDENS from Roland in which Roland transferred to Equitable any interest Roland had in real or personal property in the State of Texas for the purpose of satisfying any judgment which Equitable might obtain in Cause No. 75CI–2132, 37th Judicial District Court.

February 2, 1976—C.T.D.C., Inc., a Texas incorporation, was formed. The incorporators were Roland, Samuel R. Lyle (Lyle)

and Norris Hamilton (Hamilton). Three hundred shares of stock were issued in the corporation, 100 in Hamilton's name, 100 in Lyle's name and 100 in Fraser's name (Roland's mother).

February 9, 1976—Equitable obtained a judgment against Roland for $70,000 in Cause No. 75CI–2132.

February 18, 1976—Roland, et al., conveyed 347.21 acres of land to C.T.D.C., Inc.

February 23, 1976—Lyle, Roland and Fraser signed an instrument stating that Roland's interest in the Henze Farms was the sole property of Fraser and that Roland was at all times acting as an agent of Fraser in the Henze Farms joint venture, filed of record May 4, 1976.

March 26, 1976—Equitable brought the present action against Roland and Fraser.

May 13, 1976—The court entered a charging order and decreed that the interests, if any, of Roland whether standing in his name or in the name of Fraser, or any other name, in the joint venture known as Henze Farms was charged with the payment of the unsatisfied amount of the judgment, with interest thereon, of Roland, judgment debtor, to Equitable, judgment creditor, which judgment was entered Cause No. 75CI–2132, 37th Judicial District Court, Bexar County, Texas.

August 16, 1976—The court decreed that Henze Farms owned an individual ⅔ interest in a 347.21 acre tract in Bexar County. The real estate in question had been conveyed to C.T.D.C., Inc. by warranty deed in consideration of a $400,000 promissory note payable to Henze. The court also found that Henze owned ⅔ of the common stock of C.T.D.C., Inc. and a ⅔ interest in the note. Roland's interest, if any, in the stock or the note whether in his name, Fraser's name, or in the name of any other, was charged with the payment of the unsatisfied judgment entered in Cause No. 75CI–2132. The court further appointed a receiver of Roland's share of the profits of or any other money due Roland in respect to the partnership interests in Henze Farms.

December 8, 1976—The court entered an order foreclosing the interest, if any, of Roland in the joint venture known as Henze Farms for the purpose of making payment of the unsatisfied amount of the judgment that entered in Cause No. 75CI–2132. The order also authorized the receiver to sell the interest, if any, of Roland in the partnership known as Henze Farms and that said sales should include the interest, if any, of Roland in the undivided ⅔ interest in the promissory note of $400,000 and in ⅔ of the outstanding stock of C.T.D.C., Inc.

January 10, 1977—The receiver sold the interest, if any, of Roland in the properties set forth in the order of sale of December 8, 1976, (Henze Farms) to Equitable for $5,000 which sum was credited to the judgment of $70,000 granted to Equitable in Cause No. 75CI–2132.

March 30, 1977—Equitable obtained an injunction against Roland, et al., to prevent further transfers of property.

May 31, 1977—Roland paid $65,000 which was the balance of the money judgment Roland owed on the judgment entered in Cause No. 75CI–2132.

March 17, 1978—Roland filed a motion to set aside the receiver's sale.

September 7, 1978—The trial court entered its order overruling the motion to set aside the receiver's sale.

April 18, 1979—The court of civil appeals dismissed Roland's appeal of the trial court's order for the receiver's sale.

September 19, 1979—The Supreme Court of Texas denied Roland's application for writ of error with the notation "writ refused, no reversible error".

December 9, 1979—Roland, Starflight Corporation, the estate of Miladie Fraser, and Lyle, acting for the Henze Farms Joint Venture, transferred all the interest in Henze Farms to Lyle.

October 13, 1980—Appellees obtain a directed verdict in the instant case.

Appellant's first six points of error contend that the trial court erred in granting a directed verdict in that evidence introduced

by appellant revealed as a matter of law, or in the alternative, sufficient evidence to submit to a jury, fraudulent conveyances by the appellees as provided in Tex.Bus. & Com.Code § 24.02(a)(1) and (b)(1), § 24.-02(a)(2) and § 24.03.

Appellee contends that appellant has no standing to pursue its lawsuit because Texas law does not give a purchaser at an execution sale the right to attack a prior transfer of a judgment debtor as fraudulent. Appellee also alleges that appellant has pled for satisfaction of a judgment which has been paid and, therefore, lacks standing to pursue this lawsuit.

■ Purchasers at an execution sale do have standing to attack prior transfers of debtor as fraudulent conveyances. *See Rutherford v. Carr,* 99 Tex. 101, 104, 87 S.W. 815, 816 (1905); *Lynn v. Le Gierse,* 48 Tex. 138, 139 (1877); *Castro v. Illies,* 22 Tex. 479, 503 (1858). Indeed our State Supreme Court stated in *Lynn v. Le Gierse,* 48 Tex. 138:

> A judgment creditor may cause his execution to be levied on land fraudulently conveyed by the debtor, and if he himself becomes the purchaser at the execution sale, he may bring suit to have the fraudulent conveyance set aside and recover the land.

*Id.* at 139.

These early Texas cases were brought under Texas statutes enacted prior to our present fraudulent conveyance statute, Tex. Bus. & Com.Code Ann. Ch. 24 (Vernon 1968). The essential prohibitions in the statute against transfers without consideration, or which are intended to delay or hinder creditors, or which are intended to defraud creditors, are the same as those in this State's first statute on the subject, passed in 1840. 2 H. Gammel, Laws of Texas 202 (1898). We, therefore, find that if Equitable's pleadings entitle him to a remedy as a purchaser, the law gives him standing to do so in that capacity.

As to the allegation of Roland that Equitable did not plead for any relief in its capacity as a purchaser, our reading of appellant's second supplemental petition, filed on March 16, 1977, reveals the following:

Starflight Corporation is a sham corporation, and is the "alter ego" of Jon Drew Roland, and any property owned or held by Starflight Corporation is the property of Jon Drew Roland, and any transfers of property by Jon Drew Roland and his subsequent grantees to Starflight Corporation ought to be set aside and held to be void with respect to Equitable Trust Company, in that such transfers and other writings were intended to delay or hinder Equitable Trust Company from obtaining *that to which it is or may become entitled, and such transfers and other writings were intended to defraud Equitable Trust Company of that to which it is or may become entitled.* (Emphasis ours.)

Equitable's prayer sought in part to enjoin any transfer of Roland's property held in his name or Starflight or the names of others and the transfer of any shares of Starflight. The prayer concluded with a request for "such other and further relief to which it may be entitled, at law or in equity."

■ The general principles governing pleading are that a party's pleadings should give the opposing party fair notice of his cause of action and the proof he intends to bring forward and that a petition should be liberally construed in favor of the plaintiff in the absence of special exceptions. *See Stone v. Lawyers Title Insurance Corp.,* 554 S.W.2d 183, 187 (Tex.1977); *K.W.S. Manufacturing Co., Inc. v. McMahon,* 565 S.W.2d 368, 372 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *Newitt v. Camden Drilling Co.,* 552 S.W.2d 928, 933 (Tex.Civ.App.—Corpus Christi 1977, no writ). By its pleadings, Equitable put Roland, et al., on notice that Equitable sought to set aside any conveyances of Roland's property made with the intent to defraud. This relief was sought without reference to Equitable's capacity as either judgment creditor or purchaser. The appellant presented proof of transfers involving all of the defendants. Equitable's prayer for relief was "consistent with the facts stated as a basis for relief." *Kissman*

*v. Bendix Home Systems,* 587 S.W.2d 675, 677 (Tex.1979). A fair reading of Equitable's second supplemental petition reveals that Equitable sought that which was necessary to prevent the defendants from placing Roland's interest in the Henze Farms beyond Equitable's control. None of the appellees specially excepted to Equitable's pleading. We find that Equitable's pleadings do support relief on its behalf as a purchaser at an execution sale.

■ The appellees further contend the court must reject the appellant's first six points of error because they in effect seek to make findings of fact, which is a function of a jury. We point out that it was the appellees, by means of their motions for instructed verdict, who removed this case from the jury. The trial court's decision to grant those motions was in contradiction of the general rule that the existence of a fraudulent conveyance is a question of fact for the trier of the facts. *Southwestern Paper Co. of Dallas v. Campbell,* 97 S.W.2d 520, 522 (Tex.Civ.App.—Dallas 1936, writ dism'd). Certainly the appellees did not meet their burden of showing that there was no evidence to support at least one element of each of the appellant's grounds of relief. *Perren v. Baker Hotel of Dallas,* 228 S.W.2d 311, 314 (Tex.Civ.App.—Waco 1950, no writ). Appellees' motions for instructed verdict were, in fact, based solely on the erroneous proposition that Equitable had no standing to bring an action as a purchaser at an execution sale. The appellant's first six points of error are a legitimate attack on the insufficient legal or factual basis for the motions for instructed verdict obtained by the appellees, and are sustained.

Point of error seven concerns the trial court's decision to admit into evidence Defendants' Exhibit I. The exhibit was a document, executed by Roland, Fraser and Lyle on February 23, 1976, and recorded on March 4, 1976. The disputed portion of the document recites that Roland was an agent of his mother in the performance of all of his activities concerning the Henze Farms Joint Venture. Appellant argues that that part of the exhibit constitutes inadmissible hearsay. Appellees respond by characterizing the "agency agreement" as evidence of operative facts which are non hearsay.

■ Operative facts, are admissible as evidence to prove the making of an utterance or a statement and not to establish the truth of the contents of such a statement. Ray, Texas Practice 1A: Texas Laws of Evidence, Civil and Criminal § 995 (Third Ed. 1980); Wigmore on Evidence § 1770 (Third Ed. 1940). As Professor Morgan stated, a legal operative fact is

a fact which, of itself or in combination with others creates a legal relation and without which the legal relation would not arise. Here the utterance is offered, not for the purpose of proving its truth but merely of showing that it was made.

Morgan, *A Suggested Classification of Utterances Admissible as Res Gestae,* 31 Yale L.Rev. 229, 231 (1922).

■ The legal relation which appellees hoped to establish with the introduction of this exhibit was that of a resulting trust under which Roland was the trustee, his mother the beneficiary, and the one-half interest in the Henze Farms Partnership the res. A resulting trust, however, does not arise from an agreement between the parties but does so as a matter of law. *Morrison v. Farmer,* 147 Tex. 122, 213 S.W.2d 813, 815 (1948). We conclude that because the document offered up by the appellees was executed many years after the purported trust would have had to have arisen, it cannot be considered as evidence to establish the existence of such resulting trust. Evidence contemporaneous with Roland's purchase in 1966 of the interest in the partnership, supposedly as his mother's agent, is required to prove such a relationship.

■ The purpose of the appellees' offer of the exhibit into evidence, moreover, was clearly not to establish the existence of the writing, but to establish the terms of an agency agreement giving rise to a resulting trust in favor of Fraser. Even if such a resulting trust could be found in the instant

case, the appellants in their capacity as purchasers at an execution sale would prevail. We would agree with the proposition that:

> If the trustee of a resulting trust in breach of trust transfers trust property to a bona fide purchaser, the transferee takes the property free of the resulting trust . . . .

Restatement, Second, Trusts § 408 (1959). The appellants' seventh point of error is sustained.

■ Point of error eight and twelve concern the exclusion of Plaintiff's Exhibit 41 and 42. Exhibit 41 is the subordination agreement executed on May 28, 1975 by Fraser. The terms of the agreement subjected all of the property conveyed by Roland to Fraser, to any superior claim held by Equitable. On the same day, an agreement granting liens and notice of lis pendens was executed by Roland in favor of Equitable. The lien, Plaintiff's Exhibit 42, purports to subject all of Roland's property in Texas to the satisfaction of any judgment obtained by Equitable. We agree with the appellant that Exhibit 41 was admissible to establish knowledge by Fraser, the transferee of Roland's February, 1976 conveyance, of the intent of Roland to delay, hinder, or defraud Equitable. In fraudulent conveyance cases, trial courts should be liberal in admitting evidence that has any weight as to knowledge or intent of the parties. *Day v. Stone,* 59 Tex. 612, 614 (1883); *Wright v. Linn,* 16 Tex. 34, 42–43 (1856). The same rule permits the admission of Exhibit 42 as evidence of Roland's intent. We sustain point of error eight.

■ But appellant contends in his twelfth point of error that we should render judgment because the agreement executed by Roland in favor of Equitable constitutes an enforceable contractual lien which cuts off any interest by the appellees in Henze Farms. A close reading of the document reveals that the lien was granted solely to satisfy the judgment Equitable sought in its original action on the equipment lease. That judgment has been satisfied. We therefore find that the lien granted by Roland has been extinguished. Appellant's twelfth point of error is overruled.

■ The appellant also complains of the trial court's decision to exclude from evidence, exhibits concerning transactions subsequent to the payment of the judgment debt and the receiver's sale. Points of error nine and ten refer to nineteen exhibits, including the receiver's deed, documents concerning the transfer from Fraser to Starflight, and from Starflight to Lyle. The trial court sustained objections by the appellees that these exhibits were hearsay, irrelevant or immaterial. Appellant offered the exhibits as evidence of subsequent attempts to dispose of the subject matter of the lawsuit, Roland's interest in the Henze Farms' Partnership, and for impeachment of the appellees' credibility.

Appellant has made allegations in his pleadings of attempts by the parties who participated in the transactions set out in the excluded exhibits, to make fraudulent conveyances of the Henze Farm interest. We agree that the exhibits in question should have been admitted into evidence for both purposes of showing alleged fraudulent transfers and for impeachment. *See Day v. Stone,* 59 Tex. 612, 614 (1883); *Wright v. Linn,* 16 Tex. 34, 42–43 (1856).

■ Point of error eleven concerns the failure of the trial court to sustain special exceptions to the appellees' first amended answer. The disputed paragraphs of the amended answer contain allegations that Roland had paid off the balance due on Equitable's judgment. The appellant complained by their special exceptions, and by this point of error, that the appellees' allegations of payment were not in response to any affirmative pleading of the appellant and did not meet the requisites of Tex.R. Civ.P. 95. The appellee argues, correctly in our opinion, that an allegation of payment was responsive to appellant's pleadings in one of the capacities in which the appellant plead his cause was as a judgment creditor, and appellees could respond that they had paid that judgment.

We also reject appellant's contention that the allegation of payment did not meet the requirements of Rule 95. Under Rule 95, a defense of payment must be made with "an account stating distinctly the nature of such payment." Tex.R.Civ.P. 95. A Rule 95 plea of payment is an affirmative defense governed by Rule 94. *Garza v. Allied Finance Co.,* 566 S.W.2d 57, 61 (Tex.Civ.App.—Corpus Christi 1978, no writ). Affirmative defenses under Rule 94 can be tried by consent under Rule 67. *LaMarque Independent School District v. Thompson,* 580 S.W.2d 670, 673 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ). Our review of the record in this case reveals that appellant's counsel at one point, admitted that his client no longer sought relief as a judgment creditor. We believe that the issue of payment was conceded by the appellant and therefore tried by consent under Tex.R.Civ.P. 67. These facts are distinguishable from those in *Bell v. Biffle,* 244 S.W.2d 675 (Tex.Civ.App.—El Paso 1951, no writ), where payment was held not to be tried by consent because opposing counsel objected to the introduction of evidence on the subject. *Id.* at 679–680. We reject point of error eleven.

Points of error thirteen through fifteen seek a reversal of the trial court's dismissal of the receivership and the temporary injunction and its decision to tax costs to the appellant. We sustain these points of error in light of our decision to reverse and remand this cause. Conversely, we reject point of error sixteen, which seeks a rendition of judgment in favor of the appellant. Accordingly, the judgment of the trial court is reversed and this cause is remanded for a new trial consistent with this opinion.

KLINGEMAN, J., not participating.