Espanola Lakey WHITFIELD et al.,
Appellants,

v.

KLEIN INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 430.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1971.

Rehearing Denied Feb. 10, 1971.

Clarke Gable Ward, Houston, for appellants.

James S. Kelly, Richard G. Sedgeley, Knipp & Sedgeley, Houston, for appellees.

BARRON, Justice.

This suit was filed by Espanola Lakey Whitfield and other alleged owners of a tract of land in Harris County, Texas, against Klein Independent School District, R. E. Lyon and others for cancellation and rescission of deeds to the land above and alternatively, for damages for fraud in the acquisition of the land.

The trial court submitted special issues to a jury empaneled to hear the case, and the jury found:

(1) That before the execution of the deeds from the Lakey family to Klein Independent School District, R. E. Lyon, school superintendent, Howard Klein, school board attorney, and Mrs. Marjorie Chitwood, agent for the school board, each represented to the plaintiffs, the Lakey family, that tract number 5 (the involved land) would be condemned for school purposes if it were not voluntarily sold to the Klein Independent School District.

(2) That such representations above were not false.

(3) That at the time tract number 5 was conveyed by plaintiffs to Klein Independent School District, it was not the intent of the school district to use said land for school purposes. (Special issue No. 13).

(4) That thereafter the land was conveyed by the school district to R. E. Lyon for other than school purposes.

(5) That the land was not used for school purposes at any time after it was conveyed by plaintiffs to the school district.

(6) That the fair and reasonable cash market value per acre of the land at the time and under all of the conditions and circumstances when the deeds in question were executed by plaintiffs to the school district was $770.00 per acre.

Based upon the above jury verdict and the undisputed evidence the trial court rendered a take nothing judgment in favor of the school district, Lyon and the other parties defendant. Plaintiffs have duly perfected appeal to this Court from the judgment below.

The tract of land involved is 7.8 acres and is commonly known as tract 5 of the Benjamin Page Survey, Abstract No. 618, Harris County, Texas. The tract was acquired by ancestors of the present alleged

owners about 1900. The record shows that prior to the purchase of tract 5 by Klein Independent School District, defendant, Mrs. Marjorie Chitwood, had been empowered by the school district to acquire various tracts of land for the school district. On several occasions, she, along with Howard Klein, an attorney for the school district, stated to the plaintiffs that the land was needed for the purposes of construction of a school and related facilities and that unless plaintiffs sold the land, it would be condemned. After several months of negotiations with respect to the sale of the land the plaintiffs continued to refuse to sell. Thereafter, Mrs. Chitwood and Howard Klein, by letter and in person stated to the plaintiffs that unless they sold the land forthwith, it would be condemned and used for school purposes. A few months thereafter the plaintiffs conveyed their land to the school district, allegedly under the threat of condemnation. The consideration paid to plaintiffs for the land was approximately Six Thousand Sixty Dollars ($6,060.00).

The deed conveying the land of the plaintiffs to the defendant school district was in two parts, one deed being signed by some of the plaintiffs under date of September 8, 1962 and an additional deed being signed by the remaining owners about the month of March, 1963. On May 10, 1963 the property was conveyed by the school district to its superintendent, R. E. Lyon.

In 1960 the school board of Klein Independent School District made a decision to buy twelve adjacent tracts of land located within the district, upon which a new public high school, a football stadium and other buildings were to be constructed. The tracts are numbered numerically and consecutively from tract 1 at one end to tract 12 at the other end of the total area. Titles were not complete and were clouded on various tracts, including tract number 5, and the task of acquisition of the properties for school expansion was difficult and time-consuming. None of the tracts of land were acquired by means of condemnation proceedings, all tracts being acquired by deeds with the exception of tract 1, which was never acquired by the school district.

Klein Independent School District had raised $850,000.00 for school development and expansion. The costs involved exceeded the estimates of the school board. The amount of the contract for the building alone was $829,200.00, and the estimated cost of the land to be acquired under the original program was about $50,000.00. In addition, equipment had to be purchased such as furniture and related items, and the anticipated expenditures were required to be revised to eliminate some of the cost.

The school board originally instructed Mrs. Chitwood to purchase the designated 92 acres of land. The board later revised its plans because of the shortage of funds to require only 55 acres of land. Shortly after the conveyance of tracts 3 and 4 by the respective owners to the Klein Independent School District in August, 1962, these two tracts, being then in excess of the land required by the school district, were conveyed to Marjorie Chitwood who subsequently sold them to R. E. Lyon, the school superintendent, for his private use. Such conveyances were consummated prior to the conveyance of tract 5 to the Klein Independent School District by plaintiffs, which occurred in part on September 8, 1962. Thus, the school district was selling property as excessive acreage before it actually acquired the 7.8 acre tract number 5 owned by the plaintiffs. Tracts 6 through 12 acquired by the school district were eventually used for the construction of a football stadium, a school building and various auxiliary buildings and supplementary areas for the school. Lyon purchased 23 of the original 92 acres of land from Mrs. Chitwood and the school board, including tract 5 involved in this suit.

■ Contention is made by plaintiff-appellants that the jury's answers to the various special issues are conflicting, and that

they are insufficient to support a judgment. We overrule such contention. The three special issues inquiring whether representations were made to plaintiffs that unless the land was sold to the school board it would be condemned by the school district involved a state of facts which existed long prior to the actual conveyance referred to in special issue number 13, which inquired concerning the intent of the school district at the time of conveyance. The jury answered each special issue regarding the representations made to plaintiffs in favor of the defendant-appellees, to-wit: that such representations were not false prior to the execution of the Lakey deeds. Thus, the jury answered the fraud issues in favor of the defendants on the basis of sufficient evidence in the record. We hold that there is no fatal conflict and that the above answers do not conflict with the answer to special issue number 13. The evidence clearly supports the jury's answers to the special issues inquiring whether such representations were false. At the time the representations were made, the school board was in the process of acquiring the land which it thought was necessary, and at that time condemnation would have been proper and authorized.

■■ No recovery can be obtained by plaintiffs on their theory of damages for fraud. The jury found the cash market value of the land to be $770.00 per acre at all material times here involved. Plaintiffs were paid substantially that sum of money per acre when the land was purchased. In an action for rescission of a contract on the ground of fraud, the amount of damage is immaterial, provided it is substantial. Here the damage, if any, is insubstantial. See Dowlin v. Boyd, 291 S.W. 1095, 1098, (Tex.Com.App.1927); Featherlax Corporation v. Chandler, 412 S.W.2d 783, 789, (Tex.Civ.App.1966), writ ref., n.r.e.

■ Were it not for the reasons stated below, we might be inclined to reverse this case, because the jury found on sufficient evidence that at the time the land was conveyed by plaintiffs to Klein Independent School District, it was not the intent of the school district to use said land for school purposes. A taking of property for private use under the guise of a public use may violate due process and may constitute a legal fraud upon property owners, and this is true though there be no fraudulent intent. See Tod v. Massey, 30 S.W.2d 532, (Tex. Civ.App.1930), no writ; City of Wichita Falls v. Thompson, 431 S.W.2d 909, 911, (Tex.Civ.App.1968), writ ref., n.r.e.

■■ The record shows, however, that the plaintiffs, the Lakeys, did not restore or offer to restore the consideration received by them for the deed to the school district, the sum of approximately $6,060.-00. We have been unable to find any reference to such a tender or offer of tender by plaintiffs and this record stands with no refutation of an absence of tender of the purchase price or any part thereof. The general equitable rule is that a plaintiff in a suit for the rescission or cancellation of a contract or deed to which he is a party must return, or offer to return, any consideration which he has received under the contract. We are unable to find any exception to that rule in the record. See Casualty Reciprocal Exchange v. Bryan, 101 S.W.2d 895, (Tex.Civ.App.1937), no writ; Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583, (1940), op. adopted; City of New Braunfels v. City of San Antonio, 212 S.W.2d 817, (Tex.Civ.App.1948), writ ref., n.r.e.; 10 Tex.Jur.2d, Sec. 45, pp. 372–376. We are therefore required to affirm the judgment of the trial court.

Affirmed.