Norris BRANHAM et al., Appellants,

v.

Eva Mae SHORT, Appellee.

No. 17660.

Court of Civil Appeals of Texas, Fort Worth.

July 18, 1975.

Hill, Branham & Graham, and Norris G. Branham, Arlington, for appellants. ·

Meier, Keith & Adams, and William C. Meier, Euless, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal by Junie A. Johnson, Jr., and wife, Gladys Rosalie Johnson; and Norris Branham, substitute trustee, from an order of the trial court, granting appellee, Eva Mae Short, a temporary injunction enjoining the Johnsons from exercising during the pendency of this suit their power of sale under the deed of trust executed by appellee covering a residence in Tarrant County. Branham, the substitute trustee, is likewise enjoined from foreclosing on the property during the pendency of this suit.

This suit initiated by Mrs. Short is one in equity seeking rescission of a real estate sale on the grounds of overreaching, misrepresentation, and fraud, and in the alternative, for damages; and for a temporary injunction restraining for the duration of the suit a foreclosure of a deed of trust lien on the property given to secure the balance due on the purchase price of the property.

When the temporary injunction came on for hearing all the parties were present through their attorneys and stipulated that the plaintiff would testify substantially to all the facts as pleaded in her original petition and that all the facts as pleaded were uncontroverted for the purposes of the hearing. The parties further stipulated that the order of the Court would be determined by its resolution of the legal issue of whether or not the foreclosure of the property in question would cause plaintiff to lose her cause of action to sue for rescission under the transaction in question.

The parties in their respective briefs treat the facts alleged under oath in plaintiff's petition as being true for the purpose of this appeal.

We then look to plaintiff's pleading for the facts considered by the trial court in granting the temporary injunction.

Plaintiff alleges at length various acts of fraudulent misrepresentation made by sellers and their real estate agent concerning the property they sold to plaintiff which induced plaintiff to pay $2,000.00 cash and sign a note secured by a vendor's and deed of trust lien for the balance of the purchase price in the amount of $11,500.00, payable in installments of $100.00 each month.

Plaintiff alleges she is a widow who is elderly, is suffering from ailing vision, and the disabilities and infirmities which sometimes affect the aged. She is not experienced in land values or real estate transactions. The sellers and their agents knew this. Sellers misrepresented the physical condition of the property, the cost of placing it in a livable condition, its value on the real estate market, and other material matters that induced plaintiff to enter into the real estate transaction.

She further alleged the sellers had posted the property for sale and it would be sold unless sellers were restrained.

Plaintiff further prayed that the contract of sale, warranty deed, deed of trust note, and deed of trust mortgage be rescinded and that the court place the parties to this transaction in their original position prior to the closing of this real estate transaction.

Appellants predicate this appeal on a single point of error to the effect that the trial court erred in granting appellee's application for temporary restraining order and injunction for the reason that a trustee's foreclosure sale will not preclude a cause of action for rescission of the transaction in question as a matter of law.

■ A suit to cancel written instruments is an equitable proceeding. It seeks a disaffirmance of the instrument and its cancellation so that the parties thereto may be restored in so far as is possible to their original status or position. Normally the plaintiff must offer to do equity in order to maintain his cause of action. What amounts to an offer to do equity is determined by the widely varied fact situations involved.

■ Ordinarily the plaintiff must return to defendant, or offer to return to him, whatever he may have received from him. Ordinarily, in a suit to rescind a contract for sale of land, the plaintiff must either tender back the property and title thereto, or else abandon possession of the property and tender a reconveyance thereof in court. *Price v. Kittredge,* 361 S.W.2d 721 (Fort Worth, Tex.Civ.App., 1962, no writ hist.); *Whitfield v. Klein Independent School District,* 463 S.W.2d 232 (Houston, Tex.Civ. App., 14th Dist., 1971, ref., n. r. e., 404 U.S. 882, 92 S.Ct. 204, 30 L.Ed.2d 163, cert. denied).

■ In the event appellee Short did not apply for and obtain a temporary injunction prohibiting the trustee's sale of the property here involved she might have lost her cause of action for the rescission. *Texas Co. v. Tucker,* 129 S.W.2d 762 (Fort Worth, Tex.Civ.App., 1939, writ ref.); *Graham & Locke Investments v. Madison,* 295 S.W.2d 234 (Dallas, Tex.Civ.App., 1956, ref., n. r. e.).

In the case of *Bank of Southwest National Ass'n v. La Gasse,* 321 S.W.2d 101 (Houston, Tex.Civ.App., 1959, no writ hist.) the court had before it a very similar fact situation. In that case a suit was filed for cancellation and rescission of the sale of real property and, in the alternative, damages. A temporary injunction was granted enjoining the sale of the property under a deed of trust and there were allegations of fraud concerning the value of the subject property. The court noted the status of the Texas law concerning the misrepresentations as to value and stated it was actionable if the seller claiming special knowledge makes misrepresentations as to value to one ignorant in respect to the values, when such were known to the seller, with the intention that the representations will be relied upon. The court fully discussed the question of the adequacy of legal remedies and pointed

**642**

out that the appellees' legal remedy was not as plain and adequate; and, in any event, not as practical and efficient to the ends of justice and its prompt administration as the remedy in equity and noted that in the event of rescission and cancellation of the instrument, attorney's fees and penalties that would accrue if the foreclosure were allowed, would not be chargeable to appellees as both parties would be restored to their former position prior to the property sale. The court concluded: "In the present case fraud is the gravamen of the complaint. Appellees have pleaded a cause of action for rescission and cancellation and, in the alternative, for damages. The proof has raised issues of fact as to whether appellees are entitled to rescission. In balancing the equities between the parties, we are of the opinion that appellant is adequately protected by appellees' bond and that the temporary injunction will not deprive appellant of any benefits that it might show itself entitled to, whereas a dissolution of such injunction might place appellees in a position where they could lose benefits that otherwise might accrue to them. We have concluded that there is nothing in the record that manifests such an abuse of discretion upon the part of the Trial Court in granting the injunction maintaining the status quo pending final adjudication of the cause, as would require this Court to revise that ruling and reverse the Trial Court's judgment."

Appellants urge that even though there may have been several valid reasons for the court having granted the temporary injunction, the court granted the injunction on an incorrect principle of law in that a foreclosure would not preclude plaintiff's right to rescission and therefore the case should be reversed.

If the fact were established that the trial court gave an erroneous reason for granting the temporary injunction, that fact alone does not require its dissolution. In the case of *City of Irving v. Dallas County Flood Control Dist.*, 383 S.W.2d 571 (Tex.Sup., 1964), in passing upon this point

of law, that court stated: "But the fact that the courts below gave an erroneous reason for issuing and sustaining the temporary injunction does not require its dissolution if the pleadings and the evidence provide a sound basis in law for its issuance. A trial court is not required in granting a temporary injunction to assign reasons for finding that the applicant will probably prevail in a trial on the merits."

The applicable law is well stated in the case of *Texas Foundries v. International Moulders and F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952) as follows: "The appellate court cannot substitute its discretion for that of the trial court. It has no independent discretion in reviewing such an order; its sole function is to determine whether there has been a clear abuse of discretion by the trial judge. . . . We held in *Railroad Commission v. Shell Oil Company*, supra, that even though the district court erred in its conclusion on the applicable substantive law, it did not follow that that court abused its discretion in granting a temporary injunction to preserve the rights of the parties pending trial on the merits." See also *Railroad Commission v. Shell Oil Co.*, 146 Tex. 286, 206 S.W.2d 235 (Tex.Sup., 1947).

The plaintiff further alleged in effect that the Johnsons, the holders of the installment note, had attempted to accelerate the payments and foreclose for the entire face amount of the note including payments not yet due without complying with the terms of the note and without making proper demand for such payments.

These facts alone are sufficient grounds to sustain the judgment of the trial court.

In the case of *Allen Sales & Servicecenter, Inc. et al. v. Ryan et al.*, 525 S.W.2d 863 in an opinion delivered by the Supreme Court of Texas on July 9, 1975, that court held that the holder of an installment note must make a demand to the maker for payment of an overdue installment before he can exercise the optional acceleration clause in the note.

The sole question before the trial court at the time it granted the temporary injunction was whether or not Eva Mae Short had a probable right to injunction relief or would suffer a probable harm unless a temporary injunction was issued.

It is well settled that in determining whether a trial court erred in granting a temporary injunction, the sole question is whether the court abused its discretion. The scope of the inquiry is limited to this issue. *Bank of Southwest National Ass'n v. La Gasse,* supra; *Texas Foundries v. International Moulders and F. Wkrs.,* supra; *Railroad Commission v. Shell Oil Co.,* supra. Numerous cases are cited in support of this legal principle in 31 Tex.Jur.2d, "Injunctions", Sec. 224, p. 345, "Issues—Trial court's discretion", (1962 Ed.).

We are of the opinion that there is nothing in the record that manifests such an abuse of discretion upon the part of the trial court in granting the injunction maintaining the status quo pending final adjudication of the cause, as would require this Court to revise that ruling and reverse the trial court's judgment.

Appellants' point of error is overruled.

The judgment of the trial court is affirmed.