**Leon SMITH, Substitute Trustee, Appellant,**

v.

**Robert G. VIAL, Trustee, Appellee.**

**No. 19299.**

Court of Civil Appeals of Texas, Dallas.

Aug. 25, 1977.

John M. Gillis, Gillis, Rogers & Taylor, Dallas, for appellant.

Bruce Monning, Wynne & Wynne, Wills Points, for appellee.

GUITTARD, Chief Justice.

In this appeal from a temporary injunction restraining a trustee's sale, the principal question is whether the plaintiff failed

to show a probable injury. We hold that probable injury is sufficiently shown and sufficiently recited in the court's order. Accordingly, the order granting the temporary injunction is affirmed.

The record shows that at the time of the hearing an earlier action was pending in one of the district courts of Travis County, in which Annie Isbell, the present appellant, sought to recover the balance due on a promissory note given as part payment for a certain tract of land in Rockwall County purchased by appellee Vial. The original petition in that suit sought judicial foreclosure of a deed of trust lien, but an amended petition dropped the foreclosure claim, and Isbell caused notices to be posted for an extrajudicial trustee's sale. Vial counterclaimed in that suit for rescission of the sale and return of his payments of purchase money on the ground of fraud, and in the alternative he claimed damages. Vial also sought in the Travis County suit a temporary injunction restraining the trustee's sale, but that relief was denied.

After denial of the temporary injunction in Travis County, Isbell caused notices of trustee's sale to be posted again, and Vial then brought the present action in the district court of Rockwall County to restrain the sale. After hearing, the court granted the temporary injunction, and Isbell appeals.

■ Isbell's first point is that Vial has failed to show that he would suffer a probable injury. She asserts that the only ground of injury Vial alleges is that Vial will be unable to make a tender as required in his action for rescission if the trustee proceeds with the sale, but, she argues, such a tender would not be required in that event. Vial replies that the question of necessity of a tender of the property in order to maintain the action for rescission is sufficiently serious that the trial court had discretion to preserve the status quo by restraining the sale until his claim for rescission should be determined on the merits. We agree. The trial court was not required to decide the question of the necessity of the tender, but had discretion to preserve the status quo by temporary injunction until the claim for rescission could be decided on the merits. *Branham v. Short,* 526 S.W.2d 639, 642 (Tex.Civ.App.—Fort Worth 1975, no writ). This holding is consistent with our decision in *Irving Bank & Trust Co. v. Second Land Corp.,* 544 S.W.2d 684, 687 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.), in which we held that the trial court had discretion to preserve the status quo by temporary injunction restraining a foreclosure without deciding the merits of the question of usury, on which the right to foreclosure depended.

■ Appellant Isbell argues in her second point that the trial court's order insufficiently states the reason for its issuance, as required by rule 683, Texas Rules of Civil Procedure. In this respect the order recites that Vial was entitled to the relief sought

. . . for the reason that unless Defendant is enjoined from foreclosing the Deed of Trust under which he is Substitute Trustee, Plaintiff *may* be effectively denied his right to maintain a cause of action for rescission of said Deed of Trust, Warranty Deed and Promissory Note executed contemporaneously therewith. [Emphasis added]

Isbell contends that the order is insufficient because it recites that Vial "may" be denied the right to maintain his right of rescission rather than that he "probably" will be denied such a right. We do not regard this difference as material. In *Branham v. Short, supra,* the temporary injunction was affirmed on the ground that otherwise the plaintiff "might have lost her cause of action for rescission." We hold that the reason recited is sufficient to support issuance of a temporary injunction to preserve the status quo.

■ Finally, Isbell contends that the trial court erred in granting the temporary injunction after the identical claim had been denied by the district court of Travis County. She concedes that the rule of res judicata, as argued in her brief, does not apply to interlocutory orders. On oral argument,

however, she contends that the trial court should not have issued the temporary injunction because of the pendency of the prior action in Travis County involving the same parties and subject matter.

We cannot consider this argument because Isbell did not present it in the trial court by plea in abatement or otherwise. Although counsel for Vial attempted to develop evidence bearing on a possible plea in abatement, Isbell's counsel objected to that evidence on the ground that Isbell had made no such plea. Consequently, we must hold that Isbell waived the pendency of the Travis County suit as a matter in abatement of the present application for temporary injunction. This ruling is supported by the opinion of the supreme court in the leading case of *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1071 (1926), which expressly states that the pendency of an earlier suit, though a matter affecting jurisdiction, must be seasonably pleaded in abatement and that such a plea may be waived. These statements were reaffirmed by the supreme court in *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800, 805 (1958), and were followed by the Austin court of civil appeals in *Day v. State,* 489 S.W.2d 368, 371 (Tex.Civ.App. —Austin 1972, writ ref'd n. r. e.). *Cf. Johnson v. Avery,* 414 S.W.2d 441, 443 (Tex. 1966), holding that a party may be estopped to plead an earlier action in abatement.

Our holding of waiver of the plea in abatement concerns only abatement of the application for temporary injunction and will have no effect on any plea in abatement that may be filed with respect to the main action in Rockwall County. Neither do we pass on the question of whether appellee Vial must make a tender of the property in order to establish his claim for rescission.

Affirmed.