W.P. SWANSON, Individually and as Independent Executor of the Estate of Ross A. Wagner, Deceased, Katherine Henry and Charles R. Butler, Appellants,

v.

Claire GRASSEDONIO and Rancho Del Rincon, Inc., Appellees.

No. 2764cv.

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1982.

Rehearing Denied Jan. 20, 1983.

Robert Anderson, Sorrell, Anderson & Sorrell, Corpus Christi, for appellants.

Marshall Boykin, III, Wood, Boykin, Wolter, Smith & Hatridge, Patrick P. Rogers, Michael S. Lee, Porter, Gonzalez & Rogers, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This appeal is perfected from the granting of a temporary injunction that enjoins the non-judicial foreclosure of certain real property pending a trial on the merits.

Appellants W.P. Swanson, Katherine Henry and Charles R. Butler were the holders of a promissory note executed by Gordon P. Reid, dated August 26, 1974. The note was secured by a vendor's lien and deed of trust (hereinafter called the "Reid lien") on the property in question. These instruments were filed of record. Reid subsequently conveyed portions of the property to various grantees subject to the Reid lien. Included among these conveyances was one to appellee Rancho Del Rincon, Inc. (hereinafter called "Rancho") on October 17, 1977, and one to Melba Dawson and Citizens State Bank of Corpus Christi as co-trustees of the Joseph and Melba Dawson Trust (hereinafter called "Dawson Trust") on December 28, 1975. In November 1977, an instrument was executed by appellants Swanson and Henry that was entitled "Partial Release of Lien" and filed of record.

The evidence in the trial court would indicate that the appellants intended this partial release to release only the Reid lien on certain portions of the encumbered property (not in issue here). However, this so-called "partial release of lien" described additionally those tracts held by the Dawson Trust and appellee Rancho. This error was not discovered for some two and one-half years by the appellants, at which time they executed and caused to be filed a *declaration* entitled "Release of Lien." This instrument described the portions of the tract

covered by the Reid lien, the encumbrance upon which appellants originally intended to discharge, and then went on to state:

> "It is understood and agreed that this is a correction release, given for the purpose of correcting that certain Partial Release dated October 25, 1977, . . . given for the purpose of correcting the description of the land to remain under the liens above described.
>
> It is the intent of the lienholders that the records reflect that the above liens shall remain in force only on the following described property, to wit: [following which is recited a description of those tracts conveyed to appellee Rancho and the Dawson Trust]"

This release was signed only by appellants Swanson and Henry, but not by any of the appellees, their representatives, or predecessors in title.

Two years later, in May 1982, the Dawson Trust conveyed its tract to Mr. and Mrs. Smith. The Smiths immediately reconveyed it to appellee Grassedonio. Neither of these two conveyances made any mention of the Reid lien. Reid defaulted on his note. Soon thereafter, the appellants, Swanson and Henry, posted notices of trustee's sale and sought to sell the subject property by nonjudicial foreclosure. The present lawsuit resulted.

■ In order to warrant the issuance of a temporary injunction (to maintain the status quo), the applicants must show a probable right to the injunction and a probable injury if the injunction is not granted. Where such a showing is made, the trial court is then vested with broad discretion in granting the temporary injunction pending the outcome of the subject litigation. *Transport Company of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953); *Flynn v. Moszkowicz,* 469 S.W.2d 303, 307 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Irving Bank & Trust Company v. Second Land Corp.,* 544 S.W.2d 684, 687 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

■ First we focus our attention on the temporary injunction as it affects the property of appellee Grassedonio. She contends that she holds the position of a bona fide purchaser. A bona fide purchaser is one who acquires (apparent) legal title to property in good faith for a valuable consideration without actual or constructive notice of an infirmity in the title. *Socony Mobil Oil Corp. v. Belveal,* 430 S.W.2d 529, 535 (Tex. Civ.App.—El Paso 1968, writ ref'd n.r.e.), *cert. denied* 396 U.S. 825, 90 S.Ct. 68, 25 L.Ed.2d 76 (1969); *Newman v. Coker,* 310 S.W.2d 354, 361 (Tex.Civ.App.—Amarillo 1958, no writ). Grassedonio testified that she has no personal knowledge of the attempted Corrective Release. Mr. Virgil Vitek of U.S. Life Title Company, who examined the title and closed the transaction for appellee Grassedonio, testified that a title opinion was issued by his company based on a run sheet of instruments taken from the title company's tract book. Vitek testified that the Corrective Release did not appear in his records, even though the release had been filed in the official County Clerk's records.

■ It is appellants' position that their filing of a Corrective Release of record provided constructive notice to all of those searching the title of the subject property. It is true that a purchaser is bound to search the official county records since they constitute the primary source of information as to title, and that person is charged with knowledge of the existence and contents of recorded instruments that affect the title to the property. 5 Lange, *Texas Practice, Land Titles and Title Examination,* § 816, p. 259 (Vernon 1961). "It is well settled that 'a purchaser is bound by *every* recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims.'" *Westland Oil Development Corp. v. Gulf Oil,* 637 S.W.2d 903, 908 (Tex.1982). However, the notice provided by recordation is not necessarily notice to the whole world, but only to those who are bound to look for it. 5 Lange, *Land Titles,* supra, § 814, p. 252. In other words, recordation of an in-

strument provides notice only to those in whose chain of title that particular document falls. Generally, a purchaser is bound to take notice of a deed from the grantor of his grantor prior to that under which his grantor claims. However, when one takes a conveyance from another who holds under the first deed from his grantor, such purchaser should not be bound to look further for a subsequent deed from that grantor. *White v. McGregor,* 92 Tex. 556, 50 S.W. 564, 565-66 (1899); 5 Lange, *Land Titles,* supra § 814, p. 248. It appears to us, as it may have appeared to the trial court, that Grassedonio introduced sufficient evidence at the preliminary hearing to have proved that she was a bona fide purchaser for value and, as such, entitled to the temporary injunction.

■ Appellants assert that appellee Grassedonio did have actual knowledge, and that such strips her of her position as a bona fide purchaser. The question of actual knowledge is one of fact, *Morris v. Reaves,* 580 S.W.2d 891, 893 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ), and the existence, vel non, of that question is for the trier of facts. This convinces us further of the need to preserve the status quo by temporary injunction until that question and others can be decided on the merits. See *Smith v. Vial,* 555 S.W.2d 215, 216 (Tex.Civ.App.—Dallas 1977, no writ).

■ A different picture is presented concerning appellee Rancho. Having purchased prior to the Partial Release, and expressly subject to the Reid lien, it would be difficult for Rancho to claim to be a bona fide purchaser. Initially, it would appear that Rancho is not entitled to a temporary injunction. However, the unprotected status of appellee Rancho does not give rise to a right on the part of appellants to a nonjudicial foreclosure of the property. Such power on the part of the trustee vests solely by the authority granted in the deed of trust, and terminates upon the release of the lien. *Ford v. Emerich,* 343 S.W.2d 527, 531 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.). There are questions that may arise on the trial on the merits as to Rancho and

Grassedonio, such as: 1) the power of the appellants to unilaterally correct mistakes made by them. See *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 114 S.W.2d 226, 235 (1938); 2) the actual knowledge of the appellee Grassedonio which would prevent her from becoming a bona fide purchaser; and 3) the negligence, if any, of the title company in examining the title for the purchaser Grassedonio and its liability, if any, to what party.

We hold that the able trial judge was correct in issuing the temporary injunction. This injunction should continue until a full trial is had on the merits of the case in chief.

The judgment of the trial court is affirmed.