**EQUITABLE TRUST COMPANY, Appellant,**

v.

**Jon Drew ROLAND, Miladie Fraser, et al., Appellees.**

**No. 13–86–110–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 26, 1986.

Rehearing Denied Dec. 31, 1986.

Carl Raymond Crites, San Antonio, for appellant.

Ronald R. Flake, Larry D. Brockman, Universal City, for appellees.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

Appellant Equitable Trust Company sued to have various conveyances set aside. Equitable alleged that Jon D. Roland had fraudulently conveyed his interest in Henze Farms Joint Venture to his mother, Miladie Fraser, to avoid subjecting it to execution under a judgment held by appellant against him. After a favorable jury verdict, the trial court set aside the conveyance of February 23, 1976, by which Roland conveyed away his Henze Farms interest; however, the court refused to set aside subsequent conveyances.

The lengthy history of this litigation has its roots in a 1966 transaction. Samuel R. Lyle, a partner in Henze Farms Joint Venture, caused a one-half interest in Henze Farms to be placed in the name of Jon D. Roland, at the request of Roland's mother, Miladie Fraser. In 1974, Roland bought an apartment complex in which Equitable owned substantially all the furniture and fixtures. Roland and Equitable agreed that Roland would lease the furniture and fixtures by means of a promissory note in the amount of $102,068.18, payable in monthly installments. Roland experienced financial difficulties in the operation of the apartment complex and failed to make note payments. Equitable brought suit on the note on February 18, 1975. A judgment for $70,000 was rendered in favor of Equitable on February 9, 1976.

On February 23, 1976, Roland, Fraser, and Lyle executed the complained-of conveyance, which purported to assign all of Roland's interest in Henze Farms to Fraser. Soon afterward, Fraser died. Equitable sued on March 26, 1976, in substance to collect on the judgment. An interlocutory order of foreclosure on Roland's interest, if any, in Henze Farms was entered in December of 1976. A receiver sold Roland's interest, if any, in Henze Farms to Equitable in satisfaction of $5,000 of the $70,000 judgment. Roland appealed the receiver's sale to the San Antonio Court of Civil Appeals, which dismissed the appeal. Roland's application for writ of error to the Supreme Court of Texas was refused, no reversible error.

Although the case was first filed on March 26, 1976, Equitable supplemented its pleadings in July 1976 and March 1977, adding parties and requesting additional relief. On October 13, 1980, after Equitable's case in chief, the trial court directed a verdict for the defendants. Equitable, however, appealed to the San Antonio Court of Civil Appeals, contending that some evidence existed of fraudulent conveyances by Roland and others. The cause

was reversed and remanded for trial in *Equitable Trust Co. v. Roland*, 644 S.W.2d 46 (Tex.App.—San Antonio 1982, no writ). After trial, the jury found in answer to Special Issues Nos. 1–5 that, as to the February 23, 1976, conveyance, both Roland and Fraser intended to defraud Equitable. The jury also found that Roland furnished no consideration but that Fraser had furnished the consideration for the 1966 conveyance originally transferring title to the one-half undivided interest in the Henze Farms Joint Venture to Roland.

By four points of error, Equitable complains that, when the trial court entered judgment setting aside the February 23, 1976, conveyance, it did not obtain all the relief it requested. Appellees bring three cross-points, contending that Roland originally held the Henze Farms interest as trustee for Fraser in a resulting trust, and that no evidence supported the jury's finding that the 1966 conveyance was intended as a gift from Fraser to Roland, or else such finding was against the great weight and preponderance of the evidence.

We first consider appellees' cross-points. They contend that, when title to the half-interest in Henze Farms was put in Roland's name in 1966, Roland held the interest in a resulting trust for Fraser. Appellees point out that the jury found, in answer to Special Issue No. 6, that in 1966 Lyle placed the half-interest in the name of Roland for the use and benefit of Fraser. Appellees also contend that the evidence does not support the jury's finding, in answer to Special Issue No. 9, that Fraser intended the transfer to Roland to be a gift. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

The appellate court reviews the evidence as presented. We do not substitute our judgment for that of the trier of facts, whether judge or jury. *Gomez v. Franco*, 677 S.W.2d 231, 236 (Tex.App.—Corpus Christi 1984, no writ). The fact that testimony is that of an interested party merely presents the additional issue of credibility. *Gomez*, 677 S.W.2d at 236. The jury determines the credibility of the witnesses and weighs the evidence. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (1962); *Tenngasco Gas Gathering Co. v. Fischer*, 624 S.W.2d 301, 305 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

Appellees had the burden of proving that the 1966 transaction gave rise to a resulting trust rather than a gift. Where the transfer is from parent to child, an advancement or gift is presumed. *Bell v. Smith*, 532 S.W.2d 680, 684 (Tex.Civ.App.—Fort Worth 1976, no writ); *Ellsworth v. Ellsworth*, 151 S.W.2d 628, 632 (Tex.Civ. App.—El Paso 1941, writ ref'd). Moreover, the law is suspicious of resulting trusts, and places a heavy burden on the party attempting to prove one. *Grasty v. Wood*, 230 S.W.2d 568, 572 (Tex.Civ.App.—Galveston 1950, writ ref'd n.r.e.).

Trial courts must reconcile apparent conflicts in the jury's findings if this can reasonably be done in light of the pleadings and the evidence, the manner in which the issues were submitted, and the findings when considered as a whole. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 562 (1949); *see also Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex.1980).

Special Issue No. 6 inquires, "Do you find that in 1966 legal title to an undivided ½ interest of (sic) the Henze Farms Joint Venture was placed in the name of Jon D. Roland by Samuel R. Lyle for the use and benefit of Miladie Fraser?" The jury heard evidence from Lyle that he and Fraser managed the property without consulting Roland, that Lyle did not convey the property as a gift, and that he did not see anything to indicate that the convey-

ance to Roland was a gift. The jury could have fairly interpreted the question as an inquiry on Lyle's belief or intent, not Fraser's. The jury also heard evidence that Lyle made the transfer at the request of Fraser. However, Fraser's, not Lyle's, intent at the time of the transaction determines whether Fraser made a gift or established a trust. The jury finding that Fraser intended to make a gift is supported by the testimony that Roland, who was at college during February 1966, was partly supported by his mother during this period. Roland admitted that he did not know why Fraser put the interest in his name. No evidence shows that Fraser intended anything other than a gift. This interpretation harmonizes the findings and is consistent with evidence. Therefore, we reject appellees' arguments under its cross-points 1 through 3.

By four points of error, appellant complains of the trial court's refusal to set aside the purported transfers of Roland's interest in Henze Farms subsequent to the February 23, 1976, conveyance, to require Lyle to return the assets to the joint venture, to give control of the assets to the receiver, and to continue the receivership.

The transfers subsequent to the February 23 conveyance comprise nine documents, recorded in Volume 1789, pages 248–343, and Volume 7935, pages 358–359, of the Bexar County Official Public Records of Real Property. The first is a warranty deed from Roland, as attorney in fact for Fraser, to Starflight Corporation, dated October 16, 1976. Starflight was a corporation composed of Roland, Fraser, and two of Roland's employees, in which only Fraser was issued stock. The other eight documents are dated December 11, 1979. Four are deeds from Henze Farms and Starflight to Lyle, and four are quitclaim deeds to Lyle, from Roland and the executor of Fraser's estate. These nine documents, in other words, purported to put all interest in Henze Farms in the name of Lyle.

Appellees assert that Lyle was a bona fide purchaser and thus could acquire title despite the defects in his chain of title. A bona fide purchaser is one who buys property in good faith for valuable consideration and without actual or constructive notice of outstanding claims. *Swanson v. Grassedonio*, 647 S.W.2d 716, 718 (Tex. App.—Corpus Christi 1982, no writ); *Carter v. Converse*, 550 S.W.2d 322, 329 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.). Lyle had notice of Equitable's claims by the time of the transfers. There was testimony that the February 23, 1976, transfer was Lyle's idea, and he signed that document. On July 29, 1976, Lyle became a party to the suit, and on August 16, 1976, he approved as to form an Order Appointing Receiver which enjoined him, among others, from making bulk sales of the Henze Farms assets. Thus, Lyle was not a bona fide purchaser. Moreover, a grantee in a quitclaim deed is not an innocent purchaser, but takes with notice of all defects in his grantor's title. *Smith v. Morris and Co.*, 694 S.W.2d 37, 39 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

Appellees claim that appellant needed to plead, prove, and obtain jury findings in order to set aside the transfers after February 23, 1976. Before this trial, the San Antonio Court of Appeals ruled that the pleadings were sufficient to put appellees "on notice that Equitable sought to set aside any conveyance of Roland's property made with the intent to defraud" and "that which was necessary to prevent the defendants from placing Roland's interest in the Henze Farms beyond Equitable's control." *Equitable Trust Co.*, 644 S.W.2d at 50–51. Appellees had fair notice of the parameters of the lawsuit. They did not specially except to Equitable's pleadings. The questioned conveyances were in evidence. It is not necessary to obtain findings on uncontroverted matters. *T.A. Manning & Sons, Inc. v. Ken-Tex Oil Corp.*, 418 S.W.2d 324, 326 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.). We sustain appellant's point one.

Based on the jury findings and on uncontroverted evidence, we find that on the day Equitable obtained its judgment against

Roland, Roland owned an interest in Henze Farms Joint Venture. We affirm the trial court's setting aside the February 23, 1976, fraudulent conveyance from Roland to Fraser. We hold that Roland owned an interest in Henze Farms Joint Venture and that Equitable purchased it at the foreclosure sale. We need not address appellant's remaining points. Tex.R.App.P. 90.

We AFFIRM that portion of the judgment of the trial court which voids the February 23, 1967, conveyance. In addition, we REFORM the judgment of the trial court to render void, and of no effect from their inception, the nine documents described in this opinion and recorded in the Official Public Records of Real Property of Bexar County, Volume 1789, pages 248–343, and Volume 7935, pages 358–359.