Armando **GUERRERO, et ux.,**
**Appellant,**

v.

**HAGCO BUILDING SYSTEMS,**
**INC., Appellee.**

No. 04–86–00075–CV.

Court of Appeals of Texas,
San Antonio.

June 10, 1987.

Gustavo T. Quintanilla, Laredo, for appellant.

Donato Ramos, Laredo, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment entered in favor of appellee, Hagco Building Systems, Inc. (Hagco), and against the appellants, Armando Guerrero, Et Ux. (Guerrero) in a suit to rescind an oral contract for the purchase of real property.

The subject of the lawsuit which gives rise to this appeal is an oral agreement for the purchase of a condominium in the amount of $89,500.00. As purchasers, the Guerreros agreed to complete the last installment by July 22, 1982. After the last payment was completed, Guerrero sought delivery of the deed from Hagco. Hagco made numerous unsuccessful attempts to deliver the deed. Guerrero, by a March 7, 1984 letter, rescinded his contract for purchase of the condominium and tendered possession of the property to Hagco. Furthermore, Guerrero demanded a return of the purchase price. After Hagco refused to return the purchase price, Guerrero sued for equitable rescission and return of the purchase price.

In answer to special issues, the jury found that Hagco failed to tender the deed to the property in question; that the Guerreros used, occupied and controlled the property in dispute in such a manner that they did not intend to rescind the sale; that Hagco tendered, or attempted to tender, the deed to the property in dispute in March 1984; that Guerrero at no time tendered, or attempted to tender, possession of the property in dispute to Hagco; that Guerrero and Hagco should each be awarded attorney's fees in the amount of $7,500.00; that the monthly rental value of the property in dispute during the period of possession by Guerrero was in the amount of $675.00.

The judge entered his final judgment on the verdict which denied Guerrero the remedy of legal, or equitable, rescission of the sale of the property in dispute; denied Guerrero the recovery of the purchase price of the property in dispute; allowed Hagco to recover attorney's fees from Guerrero in the amount of $7,500.00; allowed Hagco to recover post-judgment interest at the rate of ten (10%) percent per annum from the date the judgment was signed until it is paid; taxed costs to Guerrero; and ordered Hagco to execute and deliver a general warranty deed conveying the property in dispute to Guerrero.

On appeal, Guerrero brings the following three points of error:

POINT OF ERROR ONE:

THE TRIAL COURT ERRED IN FAILING TO ENTER JUDGMENT ON THE VERDICT IN FAVOR OF ARMANDO GUERRERO AND MARIA MAGDALENA VELA DE GUERRERO, ON THE JURY'S FINDINGS TO SPECIAL ISSUES 1, 4, AND 5, THAT HAGCO BUILDING SYSTEMS, INC., FAILED TO TENDER A DEED OF CONVEYANCE TO THE PROPERTY AFTER JULY 23, 1982, WITHIN A REASONABLE TIME, THE TENDER HAVING BEEN MADE IN MARCH OF 1984.

POINT OF ERROR TWO:
THE TRIAL COURT ERRED IN RENDERING JUDGMENT IN FAVOR OF HAGCO BUILDING SYSTEMS, INC., BECAUSE THERE IS NO EVIDENCE TO SUPPORT THE JURY'S FINDINGS TO SPECIAL ISSUES 2 AND 3, THAT ARMANDO GUERRERO AND MARIA MAGDALENA VELA DE GUERRERO, AFTER PAYMENT OF THE PURCHASE PRICE USED AND CONTROLLED THE PROPERTY IN A MANNER INCONSISTENT WITH AN INTENTION TO RESCIND THE SALE.
POINT OF ERROR THREE:
THE TRIAL COURT ERRED IN RENDERING JUDGMENT IN FAVOR OF HAGCO BUILDING SYSTEMS, INC., BECAUSE THE JURY'S FINDINGS TO SPECIAL ISSUES 2 AND 3 THAT ARMANDO GUERRERO AND MARIA MAGDALENA VELA DE GUERRERO USED AND CONTROLLED THE PROPERTY IN A MANNER INCONSISTENT WITH AN INTENTION TO. RESCIND THE SALE IS AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE.

In his first point of error, Guerrero alleges that the findings of the jury to Special Issues 1, 4 and 5 required the trial court to enter judgment on the verdict in his favor. We disagree.

■ The fundamental rule that the judgment of the court must conform to the verdict necessarily implies that the court must consider the verdict as a whole. *Teas v. Republic National Bank of Dallas*, 460 S.W.2d 233, 240 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. TEX.R.CIV.P. 301. The jury in the instant case returned the following findings in response to the submitted special issues. The jury determined, in answering Special Issue 1, that Hagco failed to tender the deed to Guerrero within a reasonable period of time after July 23, 1982. However,

in its answer to Special Issue 4, the jury determined that Hagco tendered, or attempted to tender, the deed to Guerrero. In addition, the jury found, in its answer to Special Issue 6, that Guerrero tendered, or attempted to tender, possession of the property to Hagco. The jury also found, in answering Special Issues 2 and 3, that Guerrero's position after the payment of the purchase price was inconsistent and adverse to the position ordinarily held in an action for recission of a contract for the purchase of property. Furthermore, the jury found, in its answer to Special Issue 2, that Guerrero had used, occupied, and controlled the property in dispute in such a manner as to be inconsistent with an intent to rescind the sale of the property. After carefully reviewing the entire verdict of the jury, we hold that the trial court's judgment was correct.

We consider the central issue before us to be whether or not the remedy of rescission was available to Guerrero. The jury's answer to Special Issues 2 and 3, inquiring into the availability of the remedy of rescission, is dispositive.

■ The general equitable rule is that a plaintiff in a suit for rescission or cancellation of a contract or deed to which he is a party must return, or offer to return, any consideration which he has received under the contract. *Whitfield v. Klein Independent School District*, 463 S.W.2d 232, 235 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.), *cert. denied*, 404 U.S. 882, 92 S.Ct. 204, 30 L.Ed.2d 163 (1971). Ordinarily, in a suit to rescind a contract for sale of land, the plaintiff must either tender back the property and title thereto, or else abandon possession of the property and tender a reconveyance thereof in court. *Brenham v. Short*, 526 S.W.2d 639, 641 (Tex.Civ.App.—Fort Worth 1975, no writ); *Price v. Kittredge*, 361 S.W.2d 721, 723–24 (Tex.Civ.App.—Fort Worth 1962, no writ).

■ In its answers to Special Issues 2 and 3, the jury clearly determined that the evidence supported a finding that the Guerreros' continued use of the property in dispute did not support a verdict in their favor. The record reflects that on direct

examination of Hugo A. Gutierrez, Jr., testimony was elicited that the children of the Guerreros continued to use and occupy the property in dispute. Mr. Guerrero, on cross-examination, also admitted that an association with his brother-in-law, entitled Laredo Construction, maintained a telephone and received mail at the residence. Finally, the jury had access to exhibits which supported this testimony. It is Texas law that the right of recission is waived by the retention of benefits of partial performance or acceptance of consideration, partial payment, or security. *American Mannex Corp. v. Huffstutler,* 329 F.2d 449, 455 (5th Cir.1964). The right to rescind a contract may be lost by inaction and conduct showing an affirmation of the contract after a knowledge of the facts which are grounds for recission. *Payne v. Baldock,* 287 S.W.2d 507, 509 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.). The jury was entitled to find from the evidence that the Guerreros failed to relinquish possession because of their continued use of the property.

The jury's answers to Special Issues 1, 4 and 5, regarding Hagco's failure to deliver the deed, could be sufficient in a rescission action supported by the pleadings and the proof. However, these findings were immaterial since the jury determined that the Guerreros' posture indicated that they did not intend to rescind the sale. If the trial court had entered judgment for the Guerreros, based on the jurys findings to Special Issues 1, 4 and 5, it would have entered an erroneous judgment unsupported by the pleadings and proof. *Starr v. Ferguson,* 140 Tex. 80, 166 S.W.2d 130, 132 (Tex. Comm'n App. 1942, judgmt adopted). We hold that the trial court properly applied Rule 301 to the submitted special issues.

We overrule Guerrero's point of error number one.

In Guerrero's second point of error, he alleges that there is no evidence to support the jury's findings to Special Issues 2 and 3. In considering a "no evidence" question, we must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Having found some evidence of probative force to support the findings in question, we overrule Guerrero's second point of error.

In his third point of error, Guerrero alleges that the jury's findings in regards to Special Issues 2 and 3 were against the great weight and preponderance of the evidence.

■ We note that Guerrero's assignment of error should have been stated in terms of "insufficient evidence" rather than "contrary to the overwhelming weight and preponderance of the evidence," since he was complaining of a finding on which he did not have the burden of proof. *Ross v. Sher,* 483 S.W.2d 297, 299–300 (Tex.Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). However, questions of "insufficiency" and "great weight" invoke the same test of the evidence and should not preclude a determination of the merits of a point of error. *Ford Motor Company v. Tidwell,* 563 S.W.2d 831, 837 (Tex.Civ.App. —El Paso 1978, writ ref'd n.r.e.); *See* O'Connor, *Appealing Jury Findings,* 12 HOUS.L.REV. 65 at 77, 82 (1974).

In reviewing "insufficient evidence" or "great weight" points of error, we must consider and weigh all the evidence in the record and set aside the verdict if it is so against the great weight and preponderance of the evidence as to be manifestly unjust or if the evidence is so factually insufficient to support a finding of a vital fact. *Garza,* 395 S.W.2d at 823. The evidence supporting the findings in answer to Special Issues 2 and 3 must be so weak, or the evidence to the contrary so overwhelming, that the findings should be set aside and a new trial ordered. *See Garza,* 395 S.W.2d at 823. After a careful consideration of the record, we cannot hold the evidence in support of the jury's findings to Special Issues 2 and 3 to be so weak or so overwhelming that the findings should be set aside.

We overrule Guerrero's point of error number three.

Accordingly, the judgment of the trial court is affirmed.