Affirmed and Opinion filed November 7, 2002









Affirmed and Opinion filed November 7, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01063-CV

____________

 

DHERENDER SHARMA, SHARENDA SHARMA,
and SHTEEN SHARMA, Appellants

 

V.

 

MANSOOR VARANI, Appellee

 



 

On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 98CV0377

 



 

O P I N I O N

Appellants, Dherender Sharma, Sharenda Sharma, and Shteen
Sharma, sued appellee, Mansoor Varani, to rescind a purchase agreement for a
convenience store.  Varani counterclaimed
to recover past due payments under the purchase agreement and an associated
lease.  The trial court terminated, but
refused to rescind, the purchase agreement. 
The trial court also awarded Varani past due rent under the lease.  In one issue, the Sharmas appeal  the trial court’s refusal to rescind the
purchase agreement.  We affirm.








I. 
Factual and Procedural Background

On October 15, 1996, the Sharmas and Varani executed a Sale
and Purchase Agreement in which the Sharmas agreed to purchase Varani’s
interest in a convenience store for $250,000, payable in sixty monthly
installments of $4,166.67.  This purchase
included the business name, good will, and fixtures, but not the inventory or
the property on which the store was located. 
On the same day, the Sharmas and Varani executed a Commercial Lease in
which Varani agreed to lease the property on which the store was located to the
Sharmas for sixty months at $1,800 per month. 
In the lease, Varani warranted the premises were in compliance with all
local, state, and federal environmental regulations.  However, unbeknownst to the Sharmas, the
Galveston County Health District had previously notified Varani the premises
were not in compliance with applicable environmental regulations because he had
failed to install a vapor recovery system on the store’s gas pumps.

The Sharmas took possession of the store in October 1996 and
began making payments under the purchase agreement and lease.  They learned of the non-compliance in
mid-1997 when a notice, addressed to Varani, came to the store.  After receiving the notice, Dherender Sharma
went to the local office of the Galveston County Health District and confirmed
the problem.  He also determined it would
cost $80,000B$125,000 to install the system
himself.  On March 12, 1998, he wrote
Varani demanding that he correct the problem. Varani replied that he and the
Sharmas agreed at the time of sale that Varani would charge no interest on the
sale financing in return for the Sharmas= installing the vapor recovery
system.[1]








On April 23, 1998, the Sharmas filed this suit seeking to
rescind the purchase agreement on the grounds it was induced by fraud.  Specifically, they requested return of the
amounts they had already paid under the purchase agreement and an order that
Varani buy back the inventory they had purchased from him.[2]  In addition, on July 22, 1998, the Sharmas
wrote Varani requesting rescission of the purchase agreement.

The Sharmas continued to occupy the premises and operate the
store after seeking to rescind the purchase agreement.  They stopped selling gas in December 1998
because the gas pumps remained in non-compliance, and their supplier refused to
deliver any more gas.  Dherender Sharma
testified selling gas was the store’s primary draw for customers; therefore,
business practically ceased at that time. 
By that time, the Sharmas had stopped making payments on both the
purchase agreement and the lease. 
However, they continued to occupy the premises until June 1999 when
Varani regained possession.  Varani
subsequently counter-claimed alleging the Sharmas breached both the purchase
agreement and the lease by failing to make all payments due under them.

After a bench trial, the trial court rendered judgment and
entered findings of fact and conclusions of law.  With regard to the lease, the trial court
concluded (1) Varani breached the lease by failing to comply with the warranty regarding
environmental compliance;[3]
(2) the lease was voidable as of December 1998; (3) despite the lease being
voidable as of December 1998, the Sharmas’ obligation to make payments
continued until June 1999 because they occupied the premises until that time;
(4) Varani was entitled to past due rent for the period the Sharmas occupied the
premises without paying rent; and (5) Varani was not entitled to any past due
rent beyond June 1999.








With regard to the purchase agreement, the trial court
concluded (1) the value of the purchase agreement was destroyed by Varani’s
breach of the lease because the sale of gasoline was a significant part of the
store’s value; (2) the purchase agreement was void as of December 1998; (3) the
Sharmas’ obligations to make payments under the purchase agreement ceased as of
December 1998; and (4) Varani was not entitled to any past due payments under
the purchase agreement.  

Finally, the trial court concluded the Sharmas were not entitled
to any additional damages because they received the benefit of their bargain
through December 1998.  Accordingly, the
trial court entered judgment that the Sharmas take nothing, and Varani recover
$14,400 in unpaid rent.  The trial court
also awarded each party $4,500 in attorneys’ fees.

                                                               II. 
Discussion

                                             A. 
Issue Presented

In one issue, the Sharmas contend the trial court erred by
refusing to rescind the purchase agreement. 
They do not challenge the award of unpaid rent to Varani.  They request we reverse and render judgment
that they recover $48,500, which represents the $62,500 they paid on the
purchase agreement less the $14,000 unpaid rent.[4]  They also request judgment for attorneys’
fees.[5]

 








The Sharmas assert the trial court did not “deal” with the
rescission issue in its findings of fact and conclusions of law.  We disagree. 
The trial court did not use the word “rescission” in its findings of
fact and conclusions of law.  However,
the trial court’s conclusion that the Sharmas were not entitled to additional
damages because they received the benefit of their bargain through December 1998
clearly addressed the rescission issue; these additional damages sought by the
Sharmas were return of their payments under the purchase agreement on the
grounds the agreement should be rescinded.  Further, when the trial judge orally announced
his ruling at trial, he specifically stated he declined to rescind the purchase
agreement because the Sharmas continued to operate the store until December
1998 despite being aware of Varani’s breach of warranty.  Therefore, although the trial court did not
use the word “rescission” in its findings of fact and conclusions of law, it
concluded the purchase agreement should not be rescinded.  Accordingly, we will review that conclusion.

B. 
Standard of Review

The decision whether to grant an equitable remedy such as
rescission rests within the sound discretion of the trial court.  Texas Capital Sec., Inc. v. Sandefer,
58 S.W.3d 760, 774 (Tex. App.CHouston [1st Dist.] 2001, pet. denied); Schenck v. Ebby
Halliday Real Estate, Inc., 803 S.W.2d 361, 366 (Tex. App.CFort Worth 1990, no writ).  We will not reverse a decision that rests
within the sound discretion of the trial court absent an abuse of discretion. State,
By and Through Texas Dep’t of Mental Health and Mental Retardation v. Ellison,
914 S.W.2d 679, 682 (Tex. App.CAustin 1996, no writ). 
Under the abuse of discretion standard, we must determine whether the
trial court acted without reference to any guiding rules or principles; in
other words, whether the act was arbitrary and unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241‑42 (Tex. 1985). 
We must view the evidence in the light most favorable to the action of
the trial court, and indulge every legal presumption in favor of the
judgment.  Holley v. Holley, 864
S.W.2d 703, 706 (Tex. App.CHouston [1st Dist.] 1993, writ denied).  There is no abuse of discretion as long as
some evidence of substantive and probative character exists to support the
trial court’s decision.  Id.

                                                  C. 
Waiver of Rescission








The Sharmas assert rescission of the purchase agreement is an
appropriate equitable remedy because Varani’s misrepresentation about
environmental compliance amounted to fraud. 
Varani does not refute the Sharmas’ grounds for rescission.  Instead, he argues the Sharmas waived
rescission because they continued to receive benefits under the agreement after
learning of their grounds for rescission, and they did not timely act to
rescind the agreement.  The trial court
did not make a specific finding of fraud although it found Varani had constructive
notice he was not in compliance with environmental provisions as warranted in
the lease, and this breach of warranty destroyed the value of the purchase
agreement.  However, we need not address
whether the Sharmas had adequate grounds for rescission because the undisputed
evidence supports the trial court’s conclusion that the Sharmas are not
entitled to rescission because they continued to receive benefits under the
purchase agreement after learning of their grounds for rescission.

Rescission is an equitable remedy that may be granted upon a
number of possible grounds, such as fraud, mistake, or breach of a material
part of a contract.  Humphrey v.
Camelot Ret. Cmty., 893 S.W.2d 55, 59 (Tex. App.CCorpus Christi 1994, no writ); Boyter
v. MCR Constr. Co., 673 S.W.2d 938, 941 (Tex. App.CDallas 1984, writ ref=d n.r.e.).  Upon rescission, the rights and liabilities
of the parties are extinguished, any consideration paid is returned, and the
parties are restored to their respective positions as if no contract had ever
existed. Baty v. ProTech Ins. Agency, 63 S.W.3d 841, 855 (Tex. App.CHouston [14th Dist.] 2001, pet.
filed); Humphrey, 893 S.W.2d at 59. 
To establish a right to equitable rescission, a party must (1) give
timely notice to the seller that the contract is being rescinded, and (2)
return or offer to return the property received and the value of any benefit
derived from its possession.  Carrow
v. Bayliner Marine Corp., 781 S.W.2d 691, 696 (Tex. App.CAustin 1989, no writ); David
McDavid Pontiac, Inc. v. Nix, 681 S.W.2d 831, 836 (Tex. App.CDallas 1984, writ ref’d n.r.e.).








However, a party waives the right to rescission by continuing
to receive benefits or consideration under a contract after learning of the
grounds for rescission.  Daniel v.
Goesl, 341 S.W.2d 892, 895 (1960); Guerrero v.  Hagco Bldg. Sys., Inc., 733 S.W.2d 635,
638 (Tex. App.CSan Antonio 1987, no writ).  Specifically, a buyer waives the right to
rescind a contract for purchase of property if he continues to use the property
after learning of the grounds for rescission. 
Carrow, 781 S.W.2d at 696; Guerrero, 733 S.W.2d at 637B38.

The Sharmas learned in mid-1997 that despite Varani’s
warranty, the gas pumps lacked the required vapor recovery system.[6]  Arguably, they did not know Varani’s
misrepresentation amounted to fraud or a material breach sufficient to rescind
the purchase agreement until March of 1998 when he declined to correct the
problem.  In any event, the Sharmas
certainly knew of their grounds for rescission at the latest in April 1998 when
they filed suit seeking that remedy.








Although the Sharmas knew of their grounds for rescission at
the latest in April 1998, they continued to operate the store and sell gas
until December 1998.  In addition, they
continued to occupy the premises until June 1999 although they could no longer
sell gas.  In fact, Varani testified he
had to file a forcible detainer suit in May 1999 to regain possession of the
premises.  According to the Sharmas, they
retained possession because they were attempting to dispose of inventory.  Nevertheless, they fully operated the store
at least until December 1998.  The right
to operate the store and use its name and good will was the consideration they
bargained for under the purchase agreement. 
Therefore, because the Sharmas received benefits under the purchase
agreement for at least eight months after learning of their grounds for
rescission, they waived any right to rescission.  See Guerrero, 733 S.W.2d at 637B39 (finding land buyers waived
rescission of sales contract by continuing to use and occupy land after
learning of grounds for rescission); Compare Brandtjen & Kluge,
Inc. v. Tarter, 236 S.W.2d 550, 554 (Tex. App.CFort Worth 1951, writ ref’d n.r.e.)
(rejecting seller’s argument that buyer of defective machine waived rescission
of sales contract by continued use after discovering defects; buyer notified
seller of defects within four days after installation, prepared machine for
seller’s disposal, and used it only to test it to try to make it work).  Accordingly, the trial court did not abuse its
discretion by refusing  to rescind the
purchase agreement.

                                                        D. 
Attorneys’ Fees

Finally, the Sharmas request we award them attorneys’
fees.  However, the trial court did award
them attorneys’ fees on their meritorious breach of contract claim although
this award was offset by the equal award to Varani on his meritorious claim for
unpaid rent.  Therefore, we construe the
Sharmas’ request as seeking additional attorneys’ fees if we find the purchase
agreement should be rescinded.  Because
the trial court did not abuse its discretion by refusing to rescind the
purchase agreement, we overrule their request for additional attorneys’ fees.

We overrule the Sharmas’ sole issue, and affirm the trial
court’s judgment.

 

 

/s/        Wanda McKee
Fowler

Justice

 

 

Judgment rendered and Opinion filed November 7, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P.
47.3(b).











[1]  The Sharmas
and Varani disagree on whether such a side agreement existed.  At trial, Varani testified he and Sharenda
Sharma made this agreement.  Sharenda
Sharma did not testify at trial, but Dherender Sharma testified he had no
knowledge of any agreement.  Regardless
of whether such an agreement existed, Varani declined to correct the problem
based on the alleged agreement.





[2]  Under a
separate agreement, the Sharmas bought additional inventory and equipment from
Varani for $48,000.





[3]  The Sharmas
originally pleaded fraud only, but the trial court allowed a trial amendment to
plead  breach of warranty.





[4]  Although the
Sharmas assert in their brief they paid $62,500 on the purchase agreement,
Dherender Sharma testified at trial they paid $70,833.  Varani, however, testified they paid
$62,500.  In addition, the Sharmas state
in their brief the amount of unpaid rent was $14,000; however, the trial court
ordered payment of $14,400 in unpaid rent. 
Nevertheless, because we affirm the trial court’s judgment, these
differences in figures are immaterial.





[5]  Varani does
not appeal any portion of the trial court’s judgment.





[6]  In their
brief, the Sharmas state they learned of the problem in March 1998; however,
this statement is not supported by the record because Dherender Sharma
testified they learned of the problem in mid-1997.